No. 00-092

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 231

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WAYLAND PAUL HARRIS,

Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Wayland Paul Harris, Deer Lodge, Montana (*pro se*)

For Respondent:

Joseph P. Mazurek, Montana Attorney General, John Paulson, Assistant Montana Attorney General, Helena, Montana; Bernie Cassidy, Lincoln County Attorney, Robert Slomski, Deputy Lincoln County Attorney, Libby, Montana

Submitted on Briefs: October 12, 2000
Decided: November 20, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Wayland Paul Harris appeals the denial of his petition for post-conviction relief in the Nineteenth Judicial District Court, Lincoln County. We affirm the District Court's dismissal of Harris' due process claim, and remand for an evidentiary hearing on Harris' assertion of ineffective assistance of counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In June 1997, Harris was charged with sexual intercourse without consent and incest, based on allegations that he had sexual relations with his adopted daughter, Gwen, on numerous occasions between November 1988, and January 1997. At the time of arrest, two Lincoln County police officers engaged Harris in a lengthy taped interview at his home, during which Harris confessed to having had sexual intercourse with Gwen on at least one occasion. Prior to trial, Harris successfully moved to suppress the confession as involuntary due to the police officers' implied promises of leniency in exchange for his admissions. The court order barred the prosecution from using Harris' suppressed confession in the case-in-chief, but deferred ruling on the use of the statement for impeachment should Harris testify. Harris did not request a further ruling from the court on the admissibility of his statement prior to testifying at trial. On direct examination, Harris stated he had never had sexual relations with Gwen. Harris' attorney, Edmund Sheehy, Jr., asked Harris about the statement he made at his arrest that he had committed one act of sexual intercourse with his adopted daughter. Harris declared the prior statement was false. On cross-examination, the State questioned Harris further regarding his prior statement.

¶3 The Lincoln County jury found Harris guilty of the one count of incest, and not guilty on both counts of sexual intercourse without consent. On April 24, 1998, the court sentenced Harris to a term of 20 years in Montana State Prison.

¶4 Harris appealed, retaining Sheehy as counsel for the appeal. This Court affirmed the conviction and sentence. *See State v. Harris*, 1999 MT 115, 294 Mont. 397, 983 P.2d 881.

¶5 Harris filed a *pro se* petition for post-conviction relief in the District Court on September 20, 1999, alleging violations of due process and ineffective assistance of counsel. The court requested and received responsive pleadings from the parties, but sought no additional information from Sheehy. Based upon the pleadings, the court declined to hold an evidentiary hearing, and denied Harris' petition for relief. Harris appeals.

¶6 The issues raised by post-conviction petition are:

¶7 1. Did this Court deny Harris his right to due process when we refused on appeal to apply retroactively the rule on the specific unanimity jury instruction announced in *State v. Weaver*?

¶8 2. Did the District Court err in dismissing Harris' post-conviction claim of ineffective assistance of counsel?

## STANDARD OF REVIEW

¶9 This Court reviews a district court's denial of post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9. The decision to hold an evidentiary hearing in a post-conviction relief proceeding is discretionary and reviewed for abuse of discretion. Hanson, ¶ 9.

## DISCUSSION

¶10 As grounds for post-conviction relief, Harris alleges constitutional violations during both trial and appellate proceedings. Harris contends that this Court's failure on appeal to invoke the plain error doctrine and apply, retroactively to his case, a new rule on instructing the jury regarding unanimous agreement on a specific criminal act to substantiate a guilty verdict violated his right to due process. Harris alleges ineffective assistance of counsel at trial because his attorney failed to request a final ruling on the use of his suppressed confession for impeachment purposes prior to placing him on the stand to testify, and, then, proceeded to question Harris on direct examination about the suppressed statement. Finally, Harris insists failure of counsel to assert an ineffective assistance of counsel claim on appeal in itself constitutes ineffective assistance.

# Issue 1.

*Did this Court deny Harris his right to due process when we refused on appeal to apply retroactively the rule on the specific unanimity jury instruction announced in State v. Weaver?*

¶11 Harris did not request the specific unanimity jury instruction at trial, but contended on appeal that he deserved a new trial with a jury so instructed. This Court refused to invoke the common law plain error doctrine, which affords the Court discretionary review of claimed errors affecting fundamental constitutional rights when those claims have not been preserved for appeal. *State v. Finley* (1996), 276 Mont. 126, 137, 915 P.2d 208, 215. Plain error doctrine allows the Court to put aside the statutory prerequisites for appellate review in certain extraordinary cases to prevent manifest injustice. *Finley*, 276 Mont. at 137, 915 P.2d at 215. *See also* § 46-20-701(2), MCA. Concluding that Harris did not present exceptional circumstances warranting plain error review, we declined to address the issue in our majority opinion. *Harris*, ¶ 12.

¶12 Harris asserts denial of due process, and we now reach the substance of his argument for a specific unanimity jury instruction under § 46-21-101(1), MCA. In *State v. Weaver*, we held that a specific unanimity instruction to the jury is required when different criminal acts are charged in one count. *State v. Weaver*, 1998 MT 167, ¶ 40, 290 Mont. 58, ¶ 40, 964 P.2d 713, ¶ 40. When a genuine possibility exists that different jurors will conclude a defendant committed disparate illegal acts subsumed under the single count, the special instruction serves to direct the jurors to reach a unanimous verdict on at least one specific criminal act before finding guilt for the multiple-act count. *Weaver*, ¶¶ 33-35 (citations omitted). We also recognize a "continuous course of conduct" exception to this rule where "the criminal acts are so closely connected that they form part of one and the same transaction, and thus one offense." *Weaver,* ¶ 35 (citing *People v. Gordon* (1985), 165 Cal. App. 3d 839, 854, 212 Cal. Rptr. 174, 184).

¶13 Harris was charged and convicted of one count of incest, which alleged that on many occasions between November 1988, and January 1, 1997, he knowingly had sexual intercourse with his adopted daughter. The District Court adopted the reasoning of the concurring opinion from Harris' direct appeal to this Court and concluded that the exception to the *Weaver* rule applied in this case. In his concurrence on appeal, Justice Nelson reasoned:

Unlike the victims in *Weaver*, the sexual assaults on Gwen involved more than a few discrete incidents. Gwen testified that Harris demanded sex from her frequently, as often as two to four times per week whenever her mother and brother were away from their isolated, backwoods home. For the most part Harris would either physically force her, intimidate her or frighten her into having sex with him on these occasions. As the District Court noted in its sentencing order, "the Defendant held his adopted daughter as his virtual 'sex slave' for a number of years in a remote location, isolating her from her friends, and preventing her from attending school."

*Harris, ¶39 (internal citation omitted).*

¶14 The District Court found that no genuine possibility of jury confusion existed regarding Harris' incessant criminal acts. The court reasoned that explicit jury agreement on Harris' involvement in one discrete incidence of incest was not necessary when a continuous course of sexual exploitation of his adopted daughter was demonstrated beyond a reasonable doubt.

¶15 We agree. Harris' case falls within the exception carved from the *Weaver* rule, and no specific unanimity instruction was necessary. While Harris' criminal conduct occurred over a multiple-year period, we conclude that his persistent illegal acts were so frequently perpetuated and so closely connected as to be properly viewed as a single, continuous, running offense. We hold that the trial court did not err in failing to give a specific unanimity instruction. This absence of error mirrors this Court's refusal to invoke the plain error doctrine on appeal. Accordingly, we hold Harris received due process.

### Issue 2.

*Did the District Court err in dismissing Harris' post-conviction claim of ineffective assistance of counsel without an evidentiary hearing?*

¶16 Harris first claims trial counsel Sheehy provided ineffective assistance when he failed to request the specific unanimity jury instruction and preserve the issue for appeal. We have concluded this particular instruction is not required as a matter of law in Harris' case, and hold counsel's performance was not deficient in this regard.

¶17 Harris next claims Sheehy's treatment of Harris' suppressed confession at trial constitutes ineffective assistance. The State argues that Harris waived any claim to

ineffective assistance of counsel at the trial phase by not raising the issue on appeal. Harris counters that appellate counsel's failure to raise the claim of ineffective assistance constitutes ineffective assistance.

¶18 The right to effective assistance of counsel is guaranteed by Article II, Section 24, of the Montana Constitution and the Sixth Amendment to the United States Constitution. In deciding ineffective assistance of counsel claims, we have adopted the two-prong approach elucidated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, ¶ 10, 973 P.2d 233, ¶ 10. Under this test, the defendant bears the burden of showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064; *State v. Coates* (1990), 241 Mont. 331, 337, 786 P.2d 1182, 1185. The defendant must overcome a strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions. *Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2064-65. Accord, *State v. Langford* (1991), 248 Mont. 420, 432-33, 813 P.2d 936, 946.

¶19 The second prong of the *Strickland* test examines the prejudicial impact of counsel's errors, and the defendant must demonstrate the existence of a reasonable probability that the result of the proceeding would have been different absent counsel's unprofessional errors. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; **Strickler v. Greene** (1999), 527 U.S. 263, 291, 119 S.Ct. 1936, 1953, 142 L.Ed.2d 655. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. When a defendant challenges a conviction, the defendant must show the fact finder's reasonable doubt respecting guilt could have been routed by the unprofessional errors of counsel. *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2068-69. In making this determination, a court must consider the totality of the evidence before the judge or jury. *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069. When alleged ineffective assistance does not prejudice the defendant to the degree that the outcome is implicated, the claim may be dismissed without evaluating counsel's performance. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

¶20 The State argues that the procedural bar to record-based post-conviction claims outlined in § 46-21-105(2), MCA, precludes Harris' petition for relief. This statute reads, in pertinent part:

When a petitioner has been afforded the opportunity for a direct appeal of the

petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter.

Section 46-21-105(2), MCA.

¶21 We recently examined the application of this rule to certain claims of ineffective assistance of counsel to distinguish those claims appropriately raised on appeal from those best dealt with by post-conviction petition. *See State v. Whitlow*, 2001 MT 208, ___ Mont. ___, ___ P.3d ___; State v. White, 2001 MT 149, ___ Mont. ___ , ___ P.3d ___; *State v. St. John*, 2001 MT 1, ___ Mont. ___, 15 P.3d 970. The trial record must adequately document a challenged act or omission of defense counsel for a defendant to raise an ineffective assistance claim on appeal. *Whitlow*, ¶ 16 (citing *Hagen*, ¶ 12). In addition to documenting the error, the record available to this Court on appeal must afford sufficient understanding of the reasons for counsel's act or omission to answer the threshold question of whether the alleged error expresses a trial strategy or tactical decision. *White*, ¶ 20; *State v. Rose*, 1998 MT 342, ¶ 18, 292 Mont. 350, ¶ 18. If the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for post-conviction relief. *St. John*, ¶ 40 (citations omitted). In deciphering the use of the record and the appropriate forum for adjudicating ineffective assistance claims, we explained:

> Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are non-record, is *why*? In other words, if counsel fails to object to the admission of evidence, or fails to offer an opening statement, does the record fully explain *why* counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.

*White, ¶ 20.*

¶22 When a tactical or strategic reason for defense counsel's alleged deficient performance is apparent in the record on appeal or proffered by counsel in post-conviction proceedings, the court must evaluate whether this underlying reason is "reasonable" before indulging the strong presumption demanded by *Strickland* that a tactical or strategic act falls within

the wide range of reasonable and sound professional assistance. *Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2064-65; Jones v. Wood* (9th Cir. 1997), 114 F.3d 1002, 1010. When a challenged act or omission reflects an unreasonable defense strategy, stems from neglect or ignorance, or results from a misunderstanding of the law, counsel's deficient performance meets the first prong of the *Strickland* test. *State v. Aliff*, 2001 MT 52, ¶ 13, 304 Mont. 310, ¶ 13, 21 P.3d 624, ¶ 13; *State v. Gonzales* (1996), 278 Mont. 525, 532, 926 P.2d 705, 710.

¶23 The record on appeal documented that Sheehy never requested a ruling from the trial court on the prosecution's use of Harris' suppressed confession for impeachment purposes. The trial court's deferral of the ruling preserved the issue for appeal should the prosecution refer to the confession at trial. However, counsel's decision to raise Harris's suppressed confession on direct examination created the opening for the prosecution to further question Harris on cross-examination and mooted the appealable issue. The record on appeal did not reveal whether Sheehy's acts and omissions sprang from tactical decisions based upon articulable trial strategies or reflected misunderstandings of the law and trial procedures. Consequently, we conclude that § 46-21-105(2), MCA, does not bar Harris' post-conviction assertion of ineffective assistance of counsel at trial because extra-record material is crucial in determining the merits of the claim.

¶24 Although the District Court supplemented the record with post-conviction pleadings from the parties, no additional information from counsel Sheehy sheds light on the threshold questions of why Sheehy failed to request a ruling from the court on the use of Harris' suppressed confession or why he chose to question Harris on direct examination regarding the incriminating statement. We do not know whether the alleged errors reflect a coherent trial strategy or whether they were reasonable and deserve deference. We refuse to speculate and, thus, are unable to evaluate Sheehy's performance. We remand to the District Court for an evidentiary hearing to address the first prong of the *Strickland* test.

¶25 Because the surviving ineffective assistance issues raised by Harris must be adjudicated in a post-conviction proceeding, the issue of appellate counsel's failure to raise a claim of ineffective assistance of counsel at the trial level is without merit.

¶26 Remanded.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART