No. 00-718

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 329

JAMES WATSON,

> Petitioner and Appellant,

v.

STATE OF MONTANA,

> Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
Honorable Susan P. Watters, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

James Watson, *Pro Se*, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Stephen C.
Bullock, Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Mark A. English,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: September 5, 2002

Decided: December 20, 2002

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    James Watson (Watson) appeals from an order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief.  We reverse and remand for an evidentiary hearing.

¶2    We address the following issue on appeal:   Whether the District Court erred in determining that Watson's ineffective assistance of counsel claim was record-based and should have been raised on direct appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3    Watson was charged by information on June 12, 1995, with the crimes of aggravated kidnapping under § 45-5-303(1), MCA, and felony robbery under § 45-5-401(1)(b), MCA.  The charges stemmed from a March 25, 1995, incident in which Watson and two other individuals, beat, robbed and kidnapped a pizza delivery man at knife-point.  Watson entered a guilty plea to both charges on September 1, 1995.  On September 29, 1995, a sentencing hearing was held.  Dr. Lowell Stratton, the psychiatrist who examined Watson, testified as to Watson's mental condition.

¶4    On October 13, 1995, the District Court entered its judgment.  Watson was sentenced to the Department of Corrections for ten years for the charge of aggravated kidnapping, with an additional three years for the use of a weapon.  On the charge of robbery, Watson was sentenced to ten years, with an additional two years for the use of a weapon.   The sentences were ordered to run consecutively.  Watson did not appeal.

¶5 On May 24, 2000, Watson filed a petition for postconviction relief. The District Court entered its Order denying Watson's petition for postconviction relief on August 9, 2000. Watson now appeals.

**STANDARD OF REVIEW**

¶6 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Charlo*, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7. Discretionary rulings in postconviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, are reviewed for an abuse of discretion. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

**DISCUSSION**

¶7 Did the District Court err in determining that Watson's claim concerning his mental condition was record-based and should have been raised on direct appeal?

¶8 Watson claims he received ineffective assistance of counsel when his attorney failed to question whether Watson suffered from a mental disease or defect rendering him unable to conform his behavior to the requirements of the law. Watson argues that if this issue had been developed at the sentencing hearing, he would have been sentenced to the Department of Public Health and Human Services, pursuant to § 46-14-312, MCA, rather than the Department of Corrections.

¶9   In considering ineffective assistance of counsel claims in postconviction proceedings this Court has adopted the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *State v. Wright*, 2001 MT 282, ¶ 11, 307 Mont. 349, ¶ 11, 42 P.3d 753, ¶ 11.  The two-prong test requires, first, that the defendant bears the burden of showing that counsel's performance was deficient or fell below an objective standard of reasonableness. *Wright*, ¶ 11.  The defendant must overcome a strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *State v. Harris*, 2001 MT 231, ¶ 18, 306 Mont. 525, ¶ 18, 36 P.3d 372, ¶ 18.  The second prong of the test requires the defendant to show that the deficient performance of counsel prejudiced the defense.  *Wright*, ¶ 11.  The defendant must demonstrate the existence of a reasonable probability that the result of the proceeding would have been different absent counsel's errors; a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Harris*, ¶ 19.

¶10  Before reaching the merits of an ineffective assistance of counsel claim in a postconviction relief proceeding it is necessary to determine whether such a claim is properly before the Court or whether the claim is procedurally barred.  *Wright,* ¶ 12 (citing *Hagen v. State*, 1999 MT 8, ¶ 11, 293 Mont. 60, ¶ 11, 973 P.2d 233, ¶ 11).  Section 46-21-105(2), MCA, provides that grounds for relief

which reasonably could have been raised on direct appeal may not be raised thereafter in a petition for postconviction relief. This Court has stated,

> [W]here ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal; conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief.

*Wright,* ¶ 12 (quoting *Hagen*, ¶ 12).

¶11 This Court applies the statutory bar "in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal." *State v. Hanson,* 1999 MT 226, ¶ 14, 296 Mont. 82, ¶ 14, 988 P.2d 299, ¶ 14.

¶12 The State argued and the District Court concluded that Watson's ineffective assistance of counsel claim was record-based and should have been raised on direct appeal. According to the State, the record in this case contains the transcript of the sentencing hearing, during which Dr. Stratton testified, as well as Dr. Stratton's report, which was introduced as an exhibit at the sentencing hearing. In his report, Dr. Stratton concluded that Watson had the capacity to appreciate the criminality of his actions and to assist in his own defense.

¶13 In *Harris*, this Court reviewed its recent application of § 46-21-105(2), MCA, to determine whether certain claims of ineffective assistance of counsel should be raised on direct appeal or in a postconviction petition. *Harris*, ¶ 21 (citing *State v. Whitlow*,

2001 MT 208, 306 Mont. 339, 33 P.3d 877; *State v. St. Johns*, 2001 MT 1, 304 Mont. 47, 15 P.3d 970). To resolve the question, we outlined a two-step process in *Harris*. First, the trial record must adequately document a challenged act or omission of defense counsel for a defendant to raise an ineffective assistance claim on direct appeal. *Harris*, ¶ 21. Second, in addition to documenting the error, the record available to this Court on appeal must afford sufficient understanding of the reasons for counsel's act or omission to answer the threshold question of whether the alleged error expresses a trial strategy or tactical decision. *Harris,* ¶ 21. If the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for postconviction relief. *Harris*, ¶ 21.

¶14 We set forth the following explanation for deciphering the record and determining the appropriate forum for adjudicating ineffective assistance of counsel claims in *Harris*:

> Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are nonrecord, is *why*? In other words, if counsel fails to object to the admission of evidence, or fails to offer an opening statement, does the record fully explain *why* counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.

*Harris*, ¶ 21.

¶15 Recently in *Soraich v. State*, 2002 MT 187, 311 Mont. 90, ___ P.3d ___, we held that the district court abused its discretion in

summarily dismissing Soraich's petition for postconviction relief. Soraich's ineffective assistance of counsel claim was based on his counsel's failure to call an investigator as a witness after counsel had promised the jury during opening statement that the investigator would show the State's main witness was lying. The district court concluded that Soraich should have raised his claim on direct appeal, thus denying his petition for postconviction relief. However, this Court determined the record did not contain any information about why defense counsel had promised the jury that the investigator's testimony would prove Soraich's defense, but then failed to call the investigator as a witness. *Soraich*, ¶ 24. "As was the case in *Harris*, we do not know whether the alleged errors in this case reflect a coherent trial strategy or whether they were reasonable and deserve deference and we refuse to speculate." *Soraich,* ¶ 24. Without being able to answer *why* defense counsel failed to call the investigator as a witness, we determined an evidentiary hearing was necessary to answer that question and remanded to the district court.

¶16 In this matter, the record on appeal establishes that Watson's counsel did not question whether Watson suffered from a mental disease or defect during the sentencing hearing. However, the record does not reveal whether counsel's inaction was a reasonable tactical decision or a mistake. Because the record is void of any evidence as to *why* defense counsel did not question Watson's mental condition, Watson could not have properly raised an ineffective assistance of counsel claim on direct appeal.

7

Consequently, Watson's claim of ineffective assistance of counsel is not barred by § 46-21-105(2), MCA, but is a question which must be resolved in a postconviction relief proceeding.

¶17 We hold that the District Court abused its discretion in summarily denying Watson's petition for postconviction relief; and therefore, we reverse and remand to the District Court for an evidentiary hearing consistent with this opinion.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER

Justice Terry N. Trieweiler specially concurs.

¶18 I concur with the majority's conclusion that Watson could not have properly raised his ineffective assistance of counsel claim on direct appeal because his counsel's reasons for the conduct he complains of are not apparent from the record. I disagree with Justice Cotter that Dr. Lowell A. Stratton's written report is sufficiently specific to explain counsel's alleged omission.

¶19 I also disagree, however, with much of the language in the majority Opinion. Although I realize the idea did not originate with this Opinion, I disagree with the suggestion that in all instances, we must know counsel's reason for acting or failing to act before we are able to decide on direct appeal whether effective assistance of counsel was provided to a criminal defendant. Specifically, I disagree with the language in ¶ 13 of the majority Opinion which states that, "if the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for postconviction relief. *Harris*, ¶ 21."

¶20 There are some acts or omissions of counsel for which there is no acceptable tactical explanation and which must be decided on direct appeal lest those who have been the victims of ineffective assistance of counsel waste away in prison while proceeding at a snail's pace through the tortuous criminal process only to have the critical issue decided in a proceeding in which they have no right to the assistance of counsel. The sweeping language of the majority Opinion suggests that very few ineffective assistance of counsel claims can be raised on direct appeal. I disagree.

10

¶21 There are many acts or omissions of counsel for which there is no satisfactory explanation and for which the answer to the question "why?" is irrelevant. One example is a failure of counsel to challenge jurors for cause who demonstrate clear bias during *voir dire* examination or meet some other statutory ground for disqualification. *See State v. Chastain* (1997), 285 Mont. 61, 947 P.2d 57. A more extreme example would be counsel's failure to challenge a juror for cause and then use a peremptory challenge to excuse that same juror. By doing so, counsel would be denying his or her client the same number of peremptory challenges provided to the State. We have held that a greater number of peremptory challenges for the State is presumptively prejudicial. *See State v. Williams* (1993), 262 Mont. 530, 866 P.2d 1009, *rev'd in part on other grounds*; *State v. Good*, 2002 MT 59, 309 Mont. 113, 43 P.3d 948; *and King v. Special Resource Management* (1993), 256 Mont. 367, 371-74, 846 P.2d 1038, 1040-42. Furthermore, there can be no tactical justification for using a defendant's peremptory challenges to excuse jurors who could have been excused for cause.

¶22 Other examples of where this Court has, in the past, considered claims of ineffective assistance of counsel on direct appeal without regard to "why" counsel acted or failed to act are given in *State v. White*, 2001 MT 149, 306 Mont. 58, 30 P.3d 340. *State v. White* preceded and formed the partial basis for *State v. Harris*, 2001 MT 231, 306 Mont. 525, 36 P.3d 372, on which the majority now relies. In *State v. White*, we observed that:

> Generally, an alleged failure to object to the introduction of evidence, or to object to the testimony

11

> of a witness, or object to prosecutorial misconduct at trial has been deemed record-based, and therefore appropriate for direct appeal. *See Hagen,* ¶ 20 (citing cases and stating that "[t]he absence of an objection by counsel–that is, a failure to object–is a fact easily documented by reviewing the record . . ."). *See also State v. Raugust*, 2000 MT 146, ¶ 41, 300 Mont. 54, ¶ 41, 3 P.3d 115, ¶ 41; *State v. Hanson* (1997), 283 Mont. 316, 327-29, 940 P.2d 1166, 1173-74.

*State v. White*, ¶ 15.

> Along these same lines, counsel's own conduct at trial in presenting the defendant's case–such as improperly eliciting damaging testimony from a witness, or rendering an improper opening statement or closing argument–may be pointed to as a record-based instance of ineffective representation. . . . [Citations omitted.]

*State v. White*, ¶ 17.

> As indicated above, the failure to raise an objection, generally, has been deemed record-based, and therefore appropriate for direct appeal. See *Hagen*, ¶ 20. However, decisions regarding the timing and number of objections lie within counsel's tactical discretion. *Brown*, 228 Mont. at 212, 741 P.2d at 430.

*State v. White*, ¶ 24.

¶23 There are any number of serious acts or omissions for which there is no legitimate explanation by defense counsel. Failing to object to state criticism of a defendant's choice to remain silent; failing to object to a prejudicial jury instruction which is incorrect as a matter of law; failing to object to incriminating evidence which has been suppressed by the trial court; and failure to object to improper, inflammatory and prejudicial comments of the prosecution are all examples of ineffective assistance of counsel for which the answer to "why" is irrelevant.

¶24 The language of the majority Opinion which mirrors and expands on language in previous majority opinions is overly broad and will

12

eventually have serious consequences for some individual sitting in prison awaiting an opportunity to demonstrate that he or she does not belong there because that person was denied his or her Sixth Amendment right to effective assistance of counsel. The opportunity to present that claim will be delayed and when it is ultimately presented, it will inevitably be by pro se application for postconviction relief which is a completely inadequate substitute for representation by trained and informed counsel on appeal.

¶25 For these reasons, while I concur with the result of the majority Opinion in this case, I disagree with the overly and unnecessarily broad statements made therein.


/S/ TERRY N. TRIEWEILER

Justice Patricia O. Cotter dissents.

¶26 Watson argues that the record does not establish why his counsel failed to inquire of Dr. Stratton whether Watson could conform his behavior to the requirements of the law (¶ 8), and that because the "why" cannot be determined from the record, the matter must be resolved on postconviction proceedings. The Court agrees with him. While I agree with the Court's recitation of the law in this regard, I dissent, as I did in *Soraich,* from the Court's conclusion that the "why" cannot be determined from the record.

¶27 Dr. Stratton's report was made a part of the record. As the District Court pointed out in its Order and Memorandum, Dr. Stratton's report specifically states that Watson ". . . has the capacity to understand and meet the requirements of the law." In the face of such a categorical conclusion, it is impossible for me to conclude that the record does not adequately explain why Watson's counsel did not ask the doctor whether Watson could conform his behavior to the requirements of the law. The answer is obvious: Because the doctor clearly said in his report that Watson *could* conform his conduct to the law's requirements. Why fault counsel for failing to ask a question that has already been answered? A remand to make the inquiry is simply senseless.

¶28 The District Court concluded that this issue, being record-based, should have been raised on direct appeal, and further concluded that defense counsel was not ineffective in any event for failing to raise a frivolous argument. I agree on both grounds and would affirm the District Court.

/S/ PATRICIA COTTER

Chief Justice Karla M. Gray joins in the foregoing dissent.

/S/ KARLA M. GRAY

14