No. 02-653

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 285

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WILLIAM RONALD HENDERSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DC-2000-197B
The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Glen Neier, Kalispell, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
Montana Attorney General, Helena, Montana; Ed Corrigan, Flathead County
Attorney, Kalispell, Montana

Submitted on Briefs: September 18, 2003

Decided: October 9, 2003

Filed

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 William Ronald Henderson (Henderson) appeals the judgment entered by the Eleventh Judicial District Court, Flathead County, on a jury verdict finding him guilty of attempted deliberate homicide and guilty of using a firearm during the commission of attempted deliberate homicide.

¶2 We address the following issue on appeal and dismiss:

Did Henderson's attorney provide ineffective assistance of counsel when he asserted in his opening statement that the jury would hear from Henderson but ultimately did not call Henderson as a witness?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 After a day of excessive drinking, Henderson shot his brother, Duane Scott Henderson (Scott) in the face with a .44 caliber handgun. Scott survived the shooting, but lost use of his right eye and was permanently disfigured and severely brain damaged. Scott died two years later at a nursing home.

¶4 During his trial, Henderson relied on the defense of justifiable use of force. He argued that during an altercation with Scott, the handgun accidentally fired. However, the jury concluded otherwise.

¶5 Since Henderson's defense was justifiable use of force, his attorney, David Stufft (Stufft), argued during his opening statement that the jury would hear evidence that Scott was attacking Henderson. As a result of this altercation, Stufft argued that the handgun accidentally fired.

2

¶6 Specifically, Stufft argued the following:

Ron tells us, and you're gonna hear from Ron--you're gonna hear from Ron on a video that the sheriff's department took--you're gonna hear from Ron telling people "Look at my neck, I was choked. Can you see where I've been choked?"

Ron had everything going for him, up until his brother came in that night to the shop. Ron had everything going for him. That--we'll hear from Ron and everybody else that Ron didn't throw a one-fisted punch at the father or at the brother. Ron's not backing up, Ron is being pushed backwards. Ron is being hit until he finally falls into not this saw but another saw. And when he comes up and he gets up on the back of him they're still at it. Scott is choking him. Ron pulls that gun not to fire the shot, but--in whatever happened, if arms hit arms or who knows what happened--the gun fires.

¶7 Stufft concluded his opening statement with the following:

Now, here's a guy who's been beaten and beaten and smacked around and, in all reality, has a concussion and can't remember what happened. And he sits in jail with an ice pack, or they give aspirin or some other basic drugs, and waits for five days until they can check out his headache, his swollen jaw, his sore ribs. That's what the evidence is gonna show, people.

¶8 Despite this argument, the jury never heard Ron testify, as Stufft did not call him as a witness. The jury convicted Henderson of attempted deliberate homicide and use of a firearm during the commission of that crime.

¶9 Henderson now appeals his conviction and sentence.

## STANDARD OF REVIEW

¶10 Ineffective assistance of counsel claims are mixed questions of fact and law. *State v. Herrman*, 2003 MT 149, ¶ 18, 316 Mont. 198, ¶ 18, 70 P.3d 738, ¶ 18. Thus, we review an ineffective assistance of counsel claim *de novo*. *Herrman*, ¶ 18.

## DISCUSSION

3

**¶11 Did Henderson's attorney provide ineffective assistance of counsel when he asserted in his opening statement that the jury would hear from Henderson but ultimately did not call Henderson as a witness?**

¶12 Henderson maintains that because he was not called as a witness, as Stufft promised the jury, the jury only heard one side of the story. As a result, Henderson argues that the jury was not afforded the opportunity to deliberate on his defense of justifiable use of force.

¶13 The State of Montana (State) argues that Stufft did not promise the jury that they would hear from Henderson. Rather, the State argues that Stufft's statements demonstrate he was leaving his options open until the State presented its case.

¶14 We apply a two-pronged test when addressing ineffective assistance of counsel claims. First, an individual claiming ineffective assistance of counsel must establish that performance of his counsel was deficient. Second, an individual must establish that counsel's deficient performance was prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668, 682, 104 S.Ct. 2052, 2061-62, 80 L.Ed.2d 674; *State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, ¶ 17, 33 P.3d 877, ¶ 17.

¶15 We have recently addressed two ineffective assistance of counsel cases in *Herrman*, and in *State v. Turnsplenty*, 2003 MT 159, 316 Mont. 275, 70 P.3d 1234. Both cases involved claims that counsel improperly exercised their challenges for cause and their peremptory challenges.

¶16 In addressing Herrman's claims, we noted that it was a mistake for us to "assume," as we did in *State v. Chastain* (1997), 285 Mont. 61, 947 P.2d 57, that we could "determine from a cold record whether there was a tactical reason for not exercising a challenge [for

4

cause]." *Herrman*, ¶ 30. Consequently, we overruled *Chastain* on that basis. *Hermann*, ¶ 33. We held in *Hermann*, that the reasons for counsel's actions "should be the subject of a postconviction evidentiary inquiry." *Herrman*, ¶ 30. Further, we held that we could not conclude whether counsel had a strategic plan for exercising a peremptory challenge, rather than a challenge for cause, without the benefit of a postconviction hearing. *Herrman*, ¶ 32.

¶17 Similarly, in *Turnsplenty*, we relied on *Herrman* in holding that we could not address Turnsplenty's claim of ineffective assistance of counsel without considering matters outside the record. *Turnsplenty*, ¶ 18. Hence, we dismissed his claim, as it was not record based and would be more appropriately raised within a postconviction relief proceeding. *Turnsplenty*, ¶¶ 18, 21.

¶18 Here, Henderson's claim does not involve a challenge for cause or a peremptory challenge, as in *Herrman* and *Turnsplenty*. However, Henderson's argument still raises the question why Stufft took the particular course of action he did, namely in not calling Henderson as a witness after stating to the jury that his client would testify. We decline to speculate on why defense counsel did not call his client to testify in view of his opening statements. As we explained in *State v. Harris*, 2001 MT 231, 306 Mont. 525, 36 P.3d 372, if the record does not disclose fully why counsel took a particular action, then "the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective." *Harris*, ¶ 21. Whether Stufft had a tactical or strategic reason for not calling his client to testify, given his opening statements, is best explored in an evidentiary hearing in a postconviction proceeding.

¶19 We hold that Henderson's claim of ineffective assistance of counsel is not sufficiently record-based, and, accordingly, we dismiss this appeal.

¶20 Dismissed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART