05-317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 303N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

SHANE BRYAN McCLANAHAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2001-422
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nicholas P. Anderson, Anderson & Anderson, PLLP, Missoula, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant Attorney
General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Dale Mrkich and Jennifer
Johnson, Deputy County Attorneys, Missoula, Montana

Submitted on Briefs:  March 7, 2007

Decided:  November 20, 2007

Filed:

_____
                          Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shane McClanahan appeals from his conviction in the Fourth Judicial District, Missoula County, on two counts of attempted deliberate homicide. On October 9, 2001, McClanahan was charged with two counts of attempted deliberate homicide and one count of assault. The charges arose from an incident at a party in Huson, Montana, on September 9, 2001, that resulted in the stabbing of two young men, Charles Morris and Doug Knight.

¶3 McClanahan attended the party with a friend, Loren Hanson. During the evening, Hanson became involved in an altercation with another man at the party. McClanahan claims he attempted to assist Hanson and was attacked by Morris and Knight, so he stabbed them in self-defense. Several witnesses for the State contradicted this claim and characterized him as the aggressor.

¶4 At a jury trial in July 2002, defense counsel submitted medical records of McClanahan's injuries and elicited testimony from McClanahan to support his self-defense argument. Counsel also offered a jury instruction defining "beyond a reasonable doubt" that the District Court rejected in favor of the instruction contained in the Montana Criminal Jury Instructions. The jury did not accept McClanahan's claim of self-defense and convicted him on two counts of attempted deliberate homicide. On November 19, 2002, the District Court

sentenced McClanahan to 100 years with 25 years suspended on each count, to run concurrently.

¶5 McClanahan appeals his conviction on two grounds. First, he claims he received ineffective assistance of counsel because his trial counsel did not provide any expert medical testimony to support the claim of self-defense. Second, McClanahan asserts the District Court erred in its instructions to the jury regarding reasonable doubt because he believes the pattern instruction is unconstitutional.

¶6 We review de novo a claim of ineffective assistance of counsel. *State v. Trull*, 2006 MT 119, ¶ 9, 332 Mont. 233, ¶ 9, 136 P.3d 551, ¶ 9.

¶7 To determine whether a defendant received ineffective assistance of counsel at trial, we ask whether (1) counsel's performance fell short of the range of competence required of attorneys in criminal cases and (2) there is a reasonable probability counsel's deficient performance prejudiced the outcome of the case. *State v. Deschon*, 2004 MT 32, ¶ 31, 320 Mont. 1, ¶ 31, 85 P.3d 756, ¶ 31. The Court engages in a "strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions." *State v. Harris*, 2001 MT 231, ¶ 18, 306 Mont. 525, ¶ 18, 36 P.3d 372, ¶ 18. We have consistently held that decisions related to presenting a case, such as what witnesses to call, constitute trial tactics and strategy, and we will not conclude that counsel is ineffective based on such decisions. *Weaver v. State*, 2005 MT 158, ¶ 25, 327 Mont. 441, ¶ 25, 114 P.3d 1039, ¶ 25.

¶8 Nothing in the record before us indicates that McClanahan's trial counsel was ineffective for declining to call an expert medical witness to support the defense of justifiable

use of force. Trial counsel pursued the defense by cross-examining the State's witnesses, eliciting testimony from McClanahan, and introducing medical records of McClanahan's injuries. The jury chose not to accept McClanahan's version of the facts. Counsel's decision to pursue these strategies and not to call a medical expert is a matter of trial tactics that falls within the wide range of discretion we accord counsel. *Harris*, ¶ 18. We conclude McClanahan has not demonstrated that counsel's performance fell short of the required level of competence, and his claim of ineffective assistance of counsel must fail.

¶9 We review jury instructions in a criminal case to determine whether the instructions, as a whole, fully and fairly instruct the jury on the applicable law. *State v. Vernes*, 2006 MT 32, ¶ 20, 331 Mont. 129, ¶ 20, 130 P.3d 169, ¶ 20.

¶10 McClanahan argues the District Court erred because it used a jury instruction to explain reasonable doubt that was based on Montana Criminal Jury Instruction No. 1-004. He claims this instruction does not adequately describe the high level of proof required for a criminal conviction. The District Court instructed the jury that:

> Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would rely and act upon it in the most important of his or her own affairs. Beyond a reasonable doubt does not mean beyond any doubt or beyond a shadow of a doubt.

We have previously approved an identical jury instruction. *State v. Goodwin*, 249 Mont. 1, 14-15, 813 P.2d 953, 961 (1991), *overruled on other grounds*, *State v. Turner*, 262 Mont. 39, 50, 864 P.2d 235, 241 (1993). *See also State v. Lucero*, 214 Mont. 334, 344, 693 P.2d 511, 516 (1984) (approving the use of pattern jury instruction on reasonable doubt). We conclude the District Court did not err in instructing the jury.

4

¶11  Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE