JUSTICE LEAPHART,
dissenting.
¶29 I dissent. The Court distinguishes our holding in Williams from the present case because, in Williams, the Court relied on only one of two encounters between the defendant and victim and determined that double jeopardy precluded the conviction of rape and the lesser-included offense of sexual assault. Williams, ¶ 20. The Court acknowledges and Goodenough points out, that this Court noted in Williams that the “second attempted attack could have formed the basis for additional charges that might have altered our discussion of the matter regarding two separate transactions.” Id. Our case clearly *228 falls outside of the specific factual scenario in Williams and thus requires a closer look.
¶30 When the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense. Section 46-11-410(1), MCA. A defendant may not, however, be convicted of more than one offense if one offense is included in the other. Section 46-1 l-410(2)(a), MCA. The Court reasons that the facts alleged in the supporting affidavit, and the evidence presented, indicate that there were multiple instances of sexual conduct between Goodenough and his granddaughter, and thus, the conduct was continuing from year to year and may be charged separately. The Court cites Darryl Hamilton, ¶ 43, in support of its assertion that the prosecution is allowed to charge a defendant with separate offenses that may have been similar and may have continued over the course of several years. However, the Court merely acknowledges the result of Darryl Hamilton and not the applicable legal rule we announced.
¶31 We initially stated our rule in State v. Weaver, 1998 MT 167, ¶ 34, 290 Mont. 58, 964 P.2d 713, explained it in State v. Harris, 2001 MT 231, ¶ 12, 306 Mont. 525, 36 P.3d 372, and restated it in Darryl Hamilton, ¶ 42. When different criminal acts charged in one count raise “a genuine possibility ... that different jurors will conclude a defendant committed disparate illegal acts subsumed under the single count,” a unanimity instruction is required. Id. (citing Weaver, ¶ 34). The exception to the unanimity instruction requirement occurs in the event of a “continuing course of conduct.” Id. We explained that where criminal acts “are so closely connected that they form part of one and the same transaction,”no unanimity instruction is needed because the acts constitute only one offense. Id. Therefore, the pertinent inquiry is not how many events occurred or over what amount of time. The appropriate question is whether the events are so connected as to be considered one transaction for the purpose of prosecution.
¶32 As the Court correctly states, “a factual hallmark of separate offenses arises when acquittal on one charge will not affect the others.” In Darryl Hamilton, a. grandfather was charged with eight different counts of incest. Id. at ¶ 45. Like Goodenough, Hamilton’s actions continued from year to year and for many years. However, in Darryl Hamilton, “each act within the year formed the basis for a separate conviction.” Id. That is, the events were not so connected that acquittal of the incest charge for one year would have affected the validity of the incest charge for any other year. Id. This is clearly not the case here. *229 For example, the State could have charged Goodenough with sexual intercourse without consent for the years 2002 and 2003, and then charged him with sexual assault in the years 2004 and 2005. These charges would be based upon separate units of time and acquittal on one charge would not affect the validity of the other charges. However, the State chose to charge both counts based on a singular unit of time, that is, a continuing course of conduct from 2002 to 2005. As the Court here points out, there was a basis for a jury to conclude, as a factual matter, that there were separate transactions wherein Goodenough may have committed sexual assault without committing sexual intercourse without consent. However, as a legal matter, given the framing of the charges, and the court’s instructions, the jury was not required to make that distinction. Rather, it was told to look at the entire time period of 2002 to 2005 as one transaction in which Goodenough simultaneously committed both sexual assault and sexual intercourse without consent. Contrary to the situation in Darryl Hamilton, acquittal on the sexual assault charge here would have affected the sexual intercourse without consent charge. That is, if Goodenough did not (as charged) commit the lesser-included offense of sexual assault from 2002 to 2005, he could not logically have committed the greater offense of sexual intercourse without consent during that same time period. Williams, ¶¶ 23-30 (holding that the elements of sexual assault are a subset of those required to prove sexual intercourse without consent).
¶33 The conviction for sexual assault regarding the older girl (Count I) was in violation of § 46-11- 410(2)(a), MCA. I would reverse and vacate that conviction and sentence.
JUSTICE NELSON joins in the dissenting Opinion of JUSTICE LEAPHART.