JUSTICE NELSON,
concurring.
¶39 I concur in the Court’s decision. I write separately to address the parties’ discussions about whether the decisions made by Rosling’s *58 attorneys were “tactical” and “strategic,” and also the failure of postconviction petitioners in general to make proper showings in support of their ineffective assistance claims.
¶40 In Whitlow v. State, 2008 MT 140, 343 Mont. 90, 183 P.3d 861, this Court went to great lengths to disavow any further reliance on the so-called “ignorance or neglect” test, which “contemplates a compartmentalization of counsel’s challenged acts and omissions as either strategic decisions/trial tactics on one hand or ignorance/neglect on the other.” Whitlow, ¶ 17. We observed that under the first prong of the two-part Strickland test-i.e., whether counsel’s performance was deficient-11 ‘the defendant must show that counsel’s representation fell below an objective standard of reasonableness.’ ” Whitlow, 1 14 (quoting Strickland, 466 U.S. at 688, 104 S. Ct. at 2064). In other words, “ ‘[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.’ ” Whitlow, ¶ 14 (brackets in original) (quoting Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).
¶41 The “ignorance or neglect” test, we explained, is not consistent with this inquiry into objective reasonableness. Whitlow, ¶ 17. Critically, we noted that “the fact that counsel’s challenged conduct may be categorized as ‘strategic’ or ‘tactical’ does not necessarily mean that the conduct was objectively reasonable.” Whitlow, ¶ 18. Indeed, “[i]t is possible ... for a strategic choice to be unreasonable-e.g., because it was made after less than complete investigation, and prevailing professional norms would have required further investigation.” Whitlow, ¶ 18; see also e.g. Lawhorn v. Allen, 519 F.3d 1272, 1295 (11th Cir. 2008) (“Tactical or strategic decisions based on a misunderstanding of the law are unreasonable.”).
¶42 Accordingly, “the issue is not whether counsel’s challenged conduct may be characterized as ‘strategic’ or ‘tactical’; rather, it is whether that conduct-strategic, tactical, or otherwise-was ‘reasonable’ under prevailing professional norms and in light of surrounding circumstances.” Whitlow, ¶ 18 n. 4; accord Opinion, ¶ 24. For this reason, we overruled the proposition, contained in a number of our prior cases, that defense counsel’s trial tactics and strategic decisions cannot be the basis upon which to find ineffective assistance of counsel. See Whitlow, ¶ 18 n. 4.
¶43 In reviewing the record and the parties’ briefs on appeal, it appears to me that our clarifications in Whitlow have largely been lost on Rosling and the State. Notwithstanding Whitlow, the State repeatedly characterizes Hood’s and Hooks’ decisions as “strategic” or *59 “tactical.” In response, Rosling cites the relevant portion of Whitlow in his reply brief. Nevertheless, much of the discussion in both of his briefs is focused on whether certain of his counsel’s decisions were “strategic” or “tactical.” And at the postconviction hearing in the District Court, Rosling and the State questioned Hood and Hooks specifically about whether they had “strategic” or “tactical” reasons for their decisions in his case. Such focus is misplaced. “Even if [counsel’s] decision could be considered one of strategy, that does not render it immune from attack-it must be a reasonable strategy.” Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997) (emphasis in original); see also State v. Harris, 2001 MT 231, ¶ 22, 306 Mont. 525, 36 P.3d 372 (“When a tactical or strategic reason for defense counsel’s alleged deficient performance is apparent in the record on appeal or proffered by counsel in post-conviction proceedings, the court must evaluate whether this underlying reason is ‘reasonable’....”), abrogated in part on other grounds, Robinson v. State, 2010 MT 108, ¶ 12 n. 1, 356 Mont. 282, 232 P.3d 403. Therefore, even assuming, for the sake of argument, that Hood and Hooks had “strategic” and “tactical” reasons for what they did or did not do, the relevant question is whether their conduct “fell below an objective standard of reasonableness.” Whitlow, ¶ 20. It is not sufficient that counsel had a “strategy.” What matters is whether her decision was objectively reasonable “measured under prevailing professional norms and in light of the surrounding circumstances.” Whitlow, ¶ 20.
¶44 Whitlow has been on the books now for over four years, and we have repeated the foregoing standard time and again in numerous cases since Whitlow. Yet, defendants continually fail to present evidence of the “prevailing professional norms” against which their counsel’s conduct must be measured. Indeed, I do not recall seeing one single case in which such evidence was presented. I cannot imagine that a plaintiff in a medical malpractice action could expect to prevail on her claim without presenting evidence of the standard of care applicable to the defendant physician. Postconviction petitioners, however, by and large proceed on the premise that conclusory criticisms of their counsel’s performance-with the convenient benefit of20/20 hindsight-are sufficient to entitle them to relief. Granted, the postconviction context is distinguishable from the med-mal context in that there are certain obligations applicable to attorneys, and testimony regarding prevailing professional norms would not be needed in such situations. See e.g. State v. Kougl, 2004 MT 243, ¶¶ 15-24, 323 Mont. 6, 97 P.3d 1095 (where counsel was faced with an *60 obligatory action, the only question is whether counsel acted accordingly; likewise, where there is “no plausible justification” for what counsel did or did not do, such as failing to request a “viewed with distrust” instruction to the jury, then counsel’s performance is per se deficient). But in any event, it is necessary for a postconviction petitioner either to cite legal authority that squarely establishes what his counsel’s obligations were under the circumstances or to present testimony establishing what the prevailing professional norms are. Make no mistake, this is “a heavy burden.” Whitlow, ¶ 21. But that is the nature of postconviction proceedings. As we have stated, there is “ ‘a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.’ ” Whitlow, ¶ 21 (quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2065).
¶45 Since I became a member of this Court in 1993, I have seen ineffective assistance claims climb from a relative few to a point where they are de rigueur after every trial and every appeal. This Court is inundated with ineffective assistance claims-and in far and away most cases, they are an utter and complete waste of the time and resources of this Court, not to mention those of the district courts and the defense and prosecution bars. Certainly no trial is perfect. But the law does not require that a defendant receive a perfect trial,[1] and it is long overdue that the defense bar and self-represented defendants accept that legal principle. Instead of Monday morning quarterbacking defense or appellate counsel with second guesses about their “tactics” and “strategy,” an ineffective assistance claim must be grounded in actual evidence that a prevailing professional norm-i.e., the applicable standard of care-was violated. This means that counsel or the self-represented litigant must call an expert witness to the stand and establish what the standard of care is and how trial or appellate counsel violated that standard by what he or she did or did not do. This is a tough burden, especially for the defendant without counsel, but it is meant to be. Every case does not merit an ineffective assistance claim; there simply are not that many constitutionally ineffective attorneys practicing criminal law in this State. Accordingly, as far as I am concerned, given our directive in Whitlow, absent that sort of *61 standard-of-care evidence, or a valid “no plausible justification” or “obligatory action” situation (and legitimate cases of this type will be few and far between), it will be my recommendation to the Court that the ineffective assistance claim be summarily dismissed.
¶46 In the present case, I am not persuaded that Rosling has overcome the presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. Whitlow, ¶ 21. Rosling has not demonstrated that either of his attorneys was faced with an obligatory action and failed to act accordingly. Rosling has not shown that there was “no plausible justification” for what counsel did or did not do. And Rosling has not presented evidence of the prevailing professional norms by which his attorneys’ alleged acts and omissions are to be judged. In these circumstances, the District Court would have been fully justified in summarily dismissing Rosling’s petition.
¶47 I concur.

 Brown v. United States, 411 U.S. 223, 231-32, 93 S. Ct. 1565, 1570-71 (1973) (“A defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.” (brackets and internal quotation marks omitted)); accord Michigan v. Tucker, 417 U.S. 433, 446, 94 S. Ct. 2357, 2365 (1974); Lutwak v. United States, 344 U.S. 604, 619, 73 S. Ct. 481, 490 (1953); State v. Gillham, 206 Mont. 169, 182, 670 P.2d 544, 551 (1983); State v. Flamm, 165 Mont. 128, 134, 526 P.2d 119, 122 (1974).