

FILED

08/24/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0401

SHANE McCLANAHAN,

Petitioner,

v.

JIM SALMONSEN,
Warden, Montana State Prison, Deer Lodge,

Respondent.

FILED

AUG 2 4 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Shane McClanahan has filed a Petition for Writ of Habeas Corpus challenging his prison incarceration on the ground his sentence is longer than allowed. He explains that he has convictions in two criminal matters from Missoula County. He contends he "was never afforded an 'appeals attorney'" and that all involved counsel as well as Montana State Prison (MSP) personnel have conspired against him to deprive him of access to a law library, including placing him out-of-state in New Mexico and Utah. McClanahan requests an out-of-time appeal with the appointment of counsel from the appellate defender's office in Butte, Montana.

This Court is familiar with McClanahan's judicial history. Regarding his first conviction, McClanahan appealed following the jury verdict finding him guilty of two counts of attempted deliberate homicide (Cause No. DC-01-422). *State v. McClanahan*, No. 05-317, 2007 MT 303N, 2007 Mont. LEXIS 546 (*McClanahan I*). McClanahan was represented by counsel and raised: (1) an ineffective assistance of counsel claim "because his trial counsel did not provide any expert medical testimony to support the claim of self-defense[;]" and (2) a claimed instructional error "regarding reasonable doubt because he believes the pattern instruction is unconstitutional." *McClanahan I*, ¶ 5. We affirmed, explaining:

> Nothing in the record before us indicates that McClanahan's trial counsel was ineffective for declining to call an expert medical witness to support the defense of justifiable use of force. Trial counsel pursued the defense by

cross-examining the State's witnesses, eliciting testimony from McClanahan, and introducing medical records of McClanahan's injuries. The jury chose not to accept McClanahan's version of the facts. Counsel's decision to pursue these strategies and not to call a medical expert is a matter of trial tactics that falls within the wide range of discretion we accord counsel. [citation omitted]. We conclude McClanahan has not demonstrated that counsel's performance fell short of the required level of competence, and his claim of ineffective assistance of counsel must fail.

*McClanahan I,* ¶ 8. We also held that the District Court did not err in giving the challenged jury instruction concerning reasonable doubt, noting that the instruction had been approved in prior cases. *McClanahan I,* ¶ 10; *see also State v. Lucero,* 214 Mont. 334, 344, 693 P.2d 511, 516 (1984) (approving use of a pattern jury instruction on reasonable doubt).

McClanahan also sought relief from this Court for his second conviction and sentence (Cause No. DC-02-175). After a jury found McClanahan guilty of sexual intercourse without consent, the District Court sentenced him to a consecutive, twenty-five-year term in MSP. In March 2007, McClanahan filed a *pro se* writ of supervisory control alleging "Abandonment and Continual Prejudice to [his] right to appeal . . . ." This Court issued an Order remanding the matter for entry of a written judgment based upon McClanahan's allegation that a written sentence and judgment was not entered, and ordered defense counsel to respond to McClanahan's claim that counsel has abandoned McClanahan's right of appeal. *McClanahan v. State,* No. OP 07-0207, Order (Mont. Apr. 4, 2007). Both the District Court and defense counsel responded to this Court's Order, whereafter we noted a written judgment and sentence had been filed on October 6, 2006. We entered several more orders before procedurally deeming McClanahan's petition to be a direct appeal from his conviction. We provided defense counsel an opportunity to withdraw and file an *Anders*[1] brief, and ultimately dismissed the appeal: "Pursuant to *Anders,* the Court has now independently examined the record in this matter. We conclude

---

[1] *See Anders v. Ca.,* 386 U.S. 738, 87 S. Ct. 1396 (1967), and § 46-18-103(2), MCA.

that an appeal in this case would be wholly frivolous." *State v. McClanahan*, No. 07-0207, Order, at 1 (Mont. Sept. 19, 2007) (*McClanahan II*). We also ordered that no out-of-time appeal would be allowed in this case. *McClanahan II*, at 1.

McClanahan has been afforded appeals of both of his Missoula County criminal cases. To summarize: we affirmed his convictions of two counts of attempted deliberate homicide in 2007, and dismissed his appeal of his sexual intercourse without consent conviction after briefing from him and his former counsel. "[T]he supreme court's dismissal of an appeal . . . is with prejudice and constitutes the final judgment of the supreme court." M. R. App. P. 19(2). McClanahan is precluded from seeking another appeal of convictions and sentences previously reviewed by this Court. Section 46-22-101(2), MCA, provides that "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." McClanahan has exhausted the remedy of appeal. Section 46-22-101(2), MCA.

McClanahan does not have an illegal sentence. His sentence is not longer than the law allows. The District Court sentenced McClanahan for the two convictions of attempted deliberate homicide to concurrent terms of one-hundred years with twenty-five years suspended. *McClanahan I*, ¶ 4. Pursuant to § 45-5-503(2), MCA (2001), the District Court may impose a sentence of five to 100 years in a state prison for sexual intercourse without consent, and the court must run the sentence consecutively. Section 46-18-401(4), MCA (2001). McClanahan has not demonstrated illegal incarceration. Section 46-22-101(1), MCA.

IT IS ORDERED that McClanahan's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that his requests for an out-of-time appeal and appointment of appellate counsel are DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Shane McClanahan personally.

3

DATED this 24th day of August, 2021.

_____

_____

_____

_____

_____
Justices

4