No. 04-704

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 296

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JOHN GRIXTI,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
                 In and for the County of Toole, Cause No. DC-04-001,
                 The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        William E. Hunt, Jr., Hunt Law Firm, Shelby, Montana

     For Respondent:

        Hon. Mike McGrath, Attorney General; Joslyn M. Hunt,
        Assistant Attorney General, Helena, Montana

        Merle Raph, Toole County Attorney, Shelby, Montana

                    Submitted on Briefs:  August 10, 2005

                            Decided:  November 23, 2005

Filed:

                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    John Grixti (Grixti) appeals his convictions for partner family member assault, a felony in violation of § 45-5-206(1), MCA, assault on a peace officer, a felony in violation of § 45-5-210(1), MCA, and resisting arrest, a misdemeanor in violation of § 45-7-301(1), MCA.  We affirm.

¶2    Grixti raises the following issues on appeal:

¶3    1.  Did the District Court abuse its discretion when it granted the State's motion *in limine* to exclude the alleged victim's prior arrest for partner family member assault?

¶4    2.  Did the attempted impeachment of the State's key witness by Grixti's counsel fall below an objectively reasonable standard that resulted in ineffective assistance of counsel?

**BACKGROUND**

¶5    Following a late afternoon of drinking, Grixti and his wife, Christina Jansen (Jansen), returned to their home in Kevin, Montana.  An argument ensued.  Approximately twenty minutes later, Grixti called Joe Loran (Loran) in Conrad, Montana, and asked him to retrieve Jansen.  Jansen also spoke with Loran.  The last thing Loran heard before the phone disconnected was Jansen yell, "no!"

¶6    Loran's concern about Jansen's safety led him to call the Toole County Sheriff's Department.  Loran drove to Shelby, Montana, and met Toole County Deputy Michael Lamey (Deputy Lamey).  Deputy Lamey followed Loran to Grixti's and Jansen's home.  Loran waited in the car at Deputy Lamey's request.

¶7    Deputy Lamey knocked on the door and entered the home.  Deputy Lamey believed he observed sufficient physical evidence of harm to Jansen to arrest Grixti for partner family

2

member assault. The officer noted a disheveled house, fresh blood coming from Jansen's hand, Grixti's agitated and angry demeanor, and Jansen's terrified appearance.

¶8     Grixti slammed Deputy Lamey into the frame of the front door of the house when Deputy Lamey attempted to arrest him. Grixti then ejected Deputy Lamey from the house by closing the front door on Lamey's body. Deputy Lamey unsuccessfully attempted to reenter the house by throwing himself against the door.

¶9     Jansen soon emerged and Loran drove her to the sheriff's office. Loran testified that he observed a cut on Jansen's hand, a bump on her head, and that Jansen had "fear running all through her."

¶10    The Toole County Sheriff's Department arrested Grixti two hours later. He entered a plea of not guilty to partner family member assault, resisting arrest, and assault on a peace officer. At trial, Grixti admitted to resisting arrest, but denied assaulting Jansen and Deputy Lamey. Grixti claimed that Deputy Lamey's version of the assault was impossible because a motorcycle stood where Deputy Lamey claimed Grixti had thrown him.

¶11    Jansen had been arrested "some months prior" for assaulting Grixti. She and the City of Shelby entered into a deferred prosecution agreement regarding the charge. The District Court heard oral argument before trial regarding the State's motion *in limine* to exclude evidence of Jansen's prior arrest for partner family member assault.

¶12    The State argued that Grixti had provided improper notice that he planned to use character evidence in conjunction with a justifiable use of force defense. Grixti clarified that he did not intend to introduce Jansen's prior arrest to support an affirmative defense, but instead as proof of her motive to lie under Rule 404(b), M.R.Evid. Grixti reasoned that

3

because Jansen had been arrested for partner family member assault based on Grixti as the complaining witness, she may now be motivated to have Grixti arrested for the same crime. The District Court granted the State's motion. The court determined that Grixti had failed to provide adequate notice that he intended to use character evidence, and reasoned also that the probative value of Jansen's arrest would not outweigh its prejudicial effect.

¶13 Grixti now appeals his convictions based on the District Court's decision to grant the State's motion *in limine* and alleged ineffective assistance of his trial counsel in attempting to impeach Deputy Lamey.

## STANDARD OF REVIEW

¶14 We review a district court's evidentiary rulings for an abuse of discretion. *State v. McCaslin*, 2004 MT 212, ¶ 15, 322 Mont. 350, ¶ 15, 96 P.3d 722, ¶ 15. A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *McCaslin,* ¶ 15.

¶15 Claims of ineffective assistance of counsel present mixed questions of law and fact that we review *de novo*. *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, ¶ 12, 97 P.3d 1095, ¶ 12 (citations omitted).

## DISCUSSION

### ISSUE ONE

¶16 **Whether the District Court abused its discretion when it granted the State's motion *in limine* to exclude the alleged victim's prior arrest for partner family member assault.**

¶17 Grixti argues now that Rules 404(b) and 608(b), M.R.Evid., permit him to introduce

4

evidence of Jansen's prior arrest for assaulting him. He asserts that he needs to present Jansen's arrest to the jury to expose her motive to lie and to attack her credibility as a witness.

¶18 Evidence of a witness's prior crimes and wrongs is inadmissible to show action in conformity therewith. Rule 404(b), M.R.Evid., lists the purposes for which such evidence is admissible:

> Evidence of other crimes, wrongs, or acts . . . may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶19 The Montana Rules of Evidence also disallow extrinsic evidence of a witness's specific instances of conduct for the purpose of attacking or supporting a witness's credibility. Rule 608(b), M.R.Evid., provides, however, that specific instances of the conduct of a witness may be used to attack the witness's character "if probative of truthfulness or untruthfulness."

¶20 Here, the District Court granted the State's motion *in limine* in part because Grixti had failed to notify the court properly that he intended to introduce character evidence during trial. The defendant must provide notice, however, only when he intends to use character evidence in support of a justifiable use of force defense. *See* §§ 46-13-110(3)(f), (3)(h), MCA; § 46-13-109, MCA; § 46-15-323, MCA. Grixti did not intend to raise a justifiable use of force defense, or any affirmative defense and, thus, the notice requirements do not apply.

¶21 Judge Buyske also disallowed evidence of Jansen's arrest at trial based on Rule 403, M.R.Evid. Rule 403 allows the district court to exclude evidence offered under Rules 404(b)

5

and 608(b) if the danger of unfair prejudice substantially outweighs its probative value. *See State v. Matt* (1991), 249 Mont. 136, 142, 814 P.2d 52, 56 (including Rule 403 considerations in a list of four elements courts should address when making Rule 404(b) determinations); *State v. White* (1983), 202 Mont. 491, 495-97, 658 P.2d 1111, 1113-14 (reversing a district court's decision to admit Rule 608(b) character evidence where Rule 403 should have barred the evidence). Further, Rule 608(b), M.R.Evid., specifically grants the court discretion to determine whether it is appropriate for the impeaching party to inquire about a witness's prior specific conduct.

¶22   We defer to the district court's broad discretion to make Rule 403 determinations. *McCaslin,* ¶ 32. We conclude the District Court did not act arbitrarily without conscientious judgment or exceed the bounds of reason when it granted the State's motion *in limine* on the basis that the potential prejudicial effect of Jansen's prior arrest likely outweighed any potential probative value that it may have provided regarding Jansen's character for truthfulness or untruthfulness.

**ISSUE TWO**

¶23   **Whether the attempted impeachment of the State's key witness by Grixti's counsel fell below an objectively reasonable standard that resulted in ineffective assistance of counsel.**

¶24   Grixti also argues that his court-appointed counsel provided ineffective assistance when he failed to impeach sufficiently the State's key witness–Deputy Lamey. Grixti offers several methods that counsel should have employed to impeach Deputy Lamey. Instead of using a chalkboard and photographs to demonstrate the respective positions of Grixti, Deputy

6

Lamey, and the motorcycle, Grixti suggests that his counsel should have used more illustrative means such as obtaining an accurate scale diagram and actual measurements of the house and motorcycle. Grixti also claims that his counsel should have called two unnamed witnesses–people who came to the house following Grixti's arrest–to testify to the motorcycle's placement in the room.

¶25 We apply the two-pronged test established in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to determine whether a defendant's counsel rendered ineffective assistance. *State v. Lucero*, 2004 MT 248, ¶ 15, 323 Mont. 42, ¶ 15, 97 P.3d 1106, ¶ 15. The defendant bears the burden to show first that his counsel's performance fell below an objective standard of reasonableness. *Lucero*, ¶ 15. We indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Turner,* 2000 MT 270, ¶ 54, 302 Mont. 69, ¶ 54, 12 P.3d 934, ¶ 54. The Court must make every effort to eliminate the distorting effects of hindsight. Rather, we should employ counsel's perspective at the time of trial to determine whether the conduct was reasonable. *Turner,* ¶ 64. Counsel's trial tactics and strategic decisions cannot be the basis upon which to find ineffective assistance of counsel. *State v. Thee,* 2001 MT 294, ¶ 8, 307 Mont. 450, ¶ 8, 37 P.3d 741, ¶ 8.

¶26 If the defendant meets the first prong, he must prove next that counsel's deficient performance prejudiced his defense. *Lucero*, ¶ 15. The defendant must show that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Lucero*, ¶ 15.

¶27 This Court does not automatically reach the merits of ineffective assistance of counsel

7

claims. We deem the matter more appropriate for post-conviction relief where the record is insufficient to determine whether counsel's performance fell below an objectively reasonable standard. *See, e.g., State v. Herrman,* 2003 MT 149, ¶ 34, 316 Mont. 198, ¶ 34, 70 P.3d 738, ¶ 34; *State v. Earl,* 2003 MT 158, ¶ 42, 316 Mont. 263, ¶ 42, 71 P.3d 1201, ¶ 42. Post-conviction proceedings permit the district court to inquire further to whether the representation was ineffective. *State v. Harris*, 2001 MT 231, ¶ 21, 306 Mont. 525, ¶ 21, 36 P.3d 372, ¶ 21.

¶28 Here, the record does not reveal why Grixti's counsel cross-examined Deputy Lamey in the manner he did. Even so, we deem further inquiry unnecessary to determine that Grixti's trial counsel's actions did not fall below an objectively reasonable standard. At most, Grixti's ineffective assistance of counsel claim amounts to an assertion that Grixti's appellate counsel would have chosen to cross-examine Deputy Lamey differently than Grixti's trial counsel did. We have said "'the fact that some other lawyer . . . would have done differently . . . is not ground for branding the appointed attorney with the opprobrium of ineffectiveness . . . .'" *Turner,* ¶ 64 (citation omitted). Merely offering alternative impeachment methods in hindsight is insufficient to overcome the strong presumption that counsel's actions fell within the wide range of reasonable and professional assistance. *Turner,* ¶ 64.

¶29 Grixti's counsel attempted to show the jury that a motorcycle sat in the doorway where Deputy Lamey alleged Grixti had thrown him. He questioned Deputy Lamey regarding the size of the room, the distance between Deputy Lamey and Grixti, and the position and type of the motorcycle. Grixti's trial counsel also revisited the matter during

8

his closing argument. The jury considered the testimony and convicted Grixti nonetheless. A trial counsel's mere lack of success in attempting to impeach a witness is insufficient to rebut the strong presumption that counsel's actions fell within the wide range of reasonable and professional assistance. *See Weaver v. State*, 2005 MT 158, ¶ 29, 327 Mont. 441, ¶ 29, 114 P.3d 1039, ¶ 29 (refusing to hold defense counsel responsible based simply on the jury's guilty verdict).

¶30 Finally, Grixti's allegations can be characterized fairly as trial counsel's tactical and strategic decisions. *See State v. Hurblert* (1988), 232 Mont. 115, 120, 756 P.2d 1110, 1113 (concluding that defense counsel's decision not to cross-examine certain witnesses extensively was a tactical decision). This Court will not question Grixti's trial counsel's strategy to use a chalkboard instead of the more illustrative means Grixti now suggests–with the benefit of hindsight–on appeal. Grixti's mere conclusory allegation that his trial counsel's impeachment methods were ineffective is insufficient to overcome the strong presumption that his counsel acted within the wide range of reasonable and professional assistance. *Thee*, ¶ 8; *Ford v. State*, 2005 MT 151, ¶ 7, 327 Mont. 378, ¶ 7, 114 P.3d 244, ¶ 7.

¶31 Grixti's ineffective assistance of counsel claim fails to meet the first prong of the *Strickland* standard in that he has failed to establish that his counsel's performance fell below an objectively reasonable standard. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Lucero*, ¶ 15. Therefore, we reject it on the record established at trial.

¶32    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE