No. 05-140

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2006 MT 159

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

JOSEPH ELDON MILLER,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. BDC 1998-305
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Jon G. Moog, Assistant Public Defender, Helena, Montana

      For Respondent:

            Hon. Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

            Leo Gallagher, County Attorney; Carolyn Clemens, Deputy County
Attorney, Helena, Montana

_____

Submitted on Briefs:  October 19, 2005

Decided:  July 12, 2006

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Joseph Eldon Miller (Miller) appeals from a judgment and sentence in which he did not receive credit for time served in prison on an Indiana sentence. We affirm.

¶2 The State charged Miller with issuing a bad check in 1998, and he pled guilty to this charge in 1999. He was committed to the Montana Department of Corrections for four years in March of 1999, all suspended. This suspended commitment commenced in November of 2002, after he completed a separate sentence. While serving the suspended commitment at issue here, Miller committed the offense of possession of a controlled substance in the State of Indiana. Upon conviction, he was sentenced to serve two years in the custody of the Indiana Department of Corrections. He was in prison in Indiana from April 21, 2003, to May 12, 2004. He was then released on parole from Indiana and returned to Montana.

¶3 The State filed a petition to revoke his suspended commitment here in Montana based in part on the Indiana offense, which was a violation of the terms of the suspended commitment, on June 17, 2003. However, upon learning that he would be incarcerated in Indiana, the State dismissed that petition in January of 2004.

¶4 Upon his return from Indiana, Miller continued to serve his un-revoked Department of Corrections commitment. However, before discharging that commitment, Miller again violated the terms of its suspension in multiple ways, including using alcohol and dangerous drugs. He admitted the violations, and the suspended commitment was revoked. On December 2, 2004, he was ordered to serve the remainder of the commitment on inmate status with the Department of Corrections, with the

2

recommendation that he be placed at Montana State Prison.

¶5 Miller argued in the District Court that he was entitled to credit for the time he served in Indiana against the Montana commitment. However, the District Court gave him credit only for the 82 days he had spent in jail in Montana on the commitment, and refused to credit him with the year of prison time served in Indiana on the drug conviction.

¶6 Miller appeals the District Court's refusal to credit his Montana sentence with the time he spent in prison in Indiana. He claims that because he was serving prison time on the Indiana drug conviction at the same time his suspended Montana commitment was running, it would be both illegal and unfair not to give him credit for this time on his Montana commitment. In support of his arguments, Miller cites cases from Montana and other jurisdictions that are inapposite. We determine that Montana law settles the issue presented.

¶7 We review a criminal sentence for legality only. *State v. Cesnik*, 2005 MT 257, ¶ 13, 329 Mont. 63, ¶ 13, 122 P.3d 456, ¶ 13.

¶8 Based on § 46-18-201(4), MCA (1997), Miller argues that he must receive credit for the time he spent incarcerated in Indiana.[1] Section 46-18-201(4), MCA (1997), provided:

> If any restrictions or conditions imposed under subsection (1)(a) or (1)(b) are violated, the court shall consider any elapsed time and either expressly allow part or all of it as a credit against the sentence or reject all or part as a credit. The court shall state its reasons in the order. Credit, however, must be allowed for jail or home arrest time already served.

---

[1] § 46-18-201(4), MCA (1997), has now been re-codified as § 46-18-203(7)(b), MCA.

3

¶9 Section 46-18-201(4), MCA (1997), refers only to credit for jail time spent on the particular suspended sentence or commitment that is revoked. It does not provide that Miller is to receive credit on his suspended commitment in Montana for time spent in an Indiana prison on a separate conviction. Contrary to Miller's argument, § 46-18-401(1)(b), MCA, provides:[2]

> (1) Unless the judge otherwise orders:
> (b) whenever a person under suspended sentence or on probation for an offense committed in this state is sentenced for another offense, the period still to be served on suspended sentence or probation may not be merged in any new sentence of commitment or probation.

¶10 The District Court, upon revoking Miller's suspended commitment, did not order that his Montana and Indiana sentences were to be merged. Thus, when Miller was serving prison time in Indiana, his suspended Montana commitment continued to run and it was not merged with the Indiana sentence. Had he not violated the terms of his suspended commitment by using drugs and alcohol, his suspended commitment would have been discharged in July of 2006. It was only when he violated the conditions of the suspended commitment after he returned to Montana that the suspension was revoked. Upon revocation, the District Court had the discretion to either allow or reject part or all of the time that had elapsed as a credit against the commitment. Section 46-18-201(4), MCA (1997). The District Court's rejection of credit for elapsed time while on probation constitutes a legal part of a sentence.

¶11 Affirmed.

/S/ JOHN WARNER

---

[2] § 46-18-401(1)(b), MCA, has not been amended and was in effect when Miller committed the offenses in question.

4

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE