No.04-613

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 189

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

WILLIAM PAUL AULD,

        Defendant and Appellant.


APPEAL FROM:    The District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause DC 03-325,
                    Honorable John S. Henson, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender, Helena, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Pamela P. Collins,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, County Attorney; Karen S. Townsend,
                Deputy County Attorney, Missoula, Montana


Submitted on Briefs:  January 31, 2006

Decided:  August 16, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 William Auld (Auld) appeals the judgment and sentence entered in the Fourth Judicial District Court, Missoula County, upon a jury verdict finding him guilty of assault and tampering with a witness. We affirm.

¶2 We consider the following issues on appeal:

¶3 Should this Court exercise plain error review to examine whether the State improperly combined two instances of tampering with a witness into a single criminal charge, thereby depriving Auld of his constitutional right to a unanimous jury verdict?

¶4 Did Auld's counsel render ineffective assistance by stipulating that an official proceeding was ongoing or about to be commenced and thus concede an element of the witness tampering charge?

¶5 Did the District Court err by ordering that Auld's ten-year sentence for tampering with a witness would run consecutively to Auld's previous criminal sentence from Hawaii?

BACKGROUND

¶6 On June 24, 2003, Auld was involved in a bar fight in Missoula's 10th Street Tavern with one of the bar's regulars, George Bruun (Bruun). Auld punched Bruun and kicked him repeatedly in the head.

¶7 Auld previously had been convicted in 1996 of burglary and theft in the first degree in Maui County, Hawaii, and sentenced to ten years imprisonment, but he had been released on parole on May 1, 2003. Auld was on parole at the time of the fight.

2

¶8 Detective Joe Gaffney investigated the incident. On June 26, 2003, Detective Gaffney conducted a telephone interview of Chad Onthank (Onthank), Auld's roommate who had witnessed the fight. A few days later, in a conversation with a third party about the fight in Onthank's presence, Auld related his version of events. Onthank privately did not agree with Auld's version, but he "went along" with it. Auld asked Onthank to call Detective Gaffney and tell him that Auld and Onthank were not drinking at the bar on the night of the fight and that Amy Nile, Onthank's girlfriend who worked at the bar, had called them there to beat up Bruun and his friend. Auld dialed Detective Gaffney's number and handed Onthank the telephone, but Onthank just left a message.

¶9 On July 1, 2003, Auld, having been arrested earlier that day, called Onthank from the Missoula County jail. During that telephone call, which was recorded, Auld asked Onthank to tell Rich Miller (Miller), Auld's parole officer, that Auld and Onthank had not been drinking on the night of the fight. Auld also requested that Onthank tell the police that Bruun was about to pull a knife when Auld attacked him. According to Onthank, neither of these things was true.

¶10 Auld was charged with criminal endangerment, tampering with witnesses or informants, and assault (Counts I, II, and III, respectively). After a trial on February 13, 2004, Auld was found guilty of the lesser charge of assault under Count I and guilty on Count II. He was found not guilty on Count III. Auld was sentenced to six months imprisonment for Count I and ten years imprisonment for Count II, to run concurrently

3

with each other but to run consecutively with any sentence imposed by the State of Hawaii. Auld appeals.

STANDARD OF REVIEW

¶11 We articulated the standards for applying plain error review in *State v. Finley* (1996), 276 Mont. 126, 137-38, 915 P.2d 208, 215, *overruled on other grounds by State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817:

> [T]his Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made . . . where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. . . . [W]e will henceforth use our inherent power of common law plain error review sparingly, on a case-by-case basis . . . .

¶12 In *State v. Worthan*, 2006 MT 147, ¶¶ 13-14, 332 Mont. 401, ¶¶ 13-14, ___ P.3d __, ¶¶ 13-14, we described the applicable standard for reviewing claims of ineffective assistance of counsel:

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's performance fell below an objective standard of reasonableness" and he must demonstrate prejudice, *i.e.*, "the existence of a reasonable probability that the result of the proceeding would have been different absent counsel's unprofessional errors." *State v. Harris*, 2001 MT 231, ¶¶ 18-19, 306 Mont. 525, ¶¶ 18-19, 36 P.3d 372, ¶¶ 18-19 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674).

> In addition, "[t]he trial record must adequately document a challenged act or omission of defense counsel for a defendant to raise an ineffective assistance claim on appeal. In addition to documenting the error, the record available to this Court on appeal must afford sufficient understanding of the reasons for counsel's act or omission to answer the threshold question of whether the alleged error expresses a trial strategy or

4

tactical decision. If the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for post-conviction relief." *Harris*, ¶ 21 (citations omitted).

¶13 "We review a criminal sentence for legality only." *State v. Miller*, 2006 MT 159, ¶ 7, 332 Mont. 472, ¶ 7, _ P.3d _, ¶ 7.

DISCUSSION

¶14 **Should this Court exercise plain error review to examine whether the State improperly combined two instances of tampering with a witness into a single criminal charge, thereby depriving Auld of his constitutional right to a unanimous jury verdict?**

¶15 Auld contends that the State alleged multiple instances of tampering with a witness in a single charge. Count II of the Information read as follows:

> On or about June 24-July 8, 2003, the above-named Defendant, knowing that an official proceeding or investigation was pending, purposely or knowingly attempted to induce a witness, Chad Onthank, to inform falsely by trying to get him to tell authorities that he had not been drinking in a bar and that the man that the Defendant had kicked had started the fight.

Auld argues that the charge referred to two separate incidents: Auld's request that Onthank lie to Detective Gaffney about the circumstances of the fight and Auld's request that Onthank lie to Miller about drinking at the bar, in violation of the conditions of his parole.

¶16 In addition, Auld points out that one element of tampering with a witness is that the accused must believe that an official proceeding or investigation is ongoing or about to be commenced. *See* § 45-7-206, MCA. Auld contends that there were two "official

proceedings" at issue: the police investigation of the bar fight and the parole officer's oversight of Auld's compliance with the terms of his parole. As a result of this allegedly improper combination of separate instances of tampering with a witness into one charge, Auld asserts that his constitutional right to a unanimous jury verdict has been violated and that this Court should exercise plain error review.

¶17 We reemphasize that defendants should make contemporaneous objections to perceived errors. *Finley*, 276 Mont. at 138, 915 P.2d at 215. Auld never raised an objection to the Information on the basis that it improperly offered alternative means for the jury to convict on the alleged offense—allowing this matter to proceed to trial and verdict without bringing the issue to the attention of the District Court—and, further, he stipulated to the jury instructions. Auld's contentions and the record fail to persuade us that declining to review the claimed error for plain error "may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *Finley*, 276 Mont. at 137, 915 P.2d at 215; *see also State v. Hill*, 2005 MT 216, ¶¶ 25-26, 328 Mont. 253, ¶¶ 25-26, 119 P.3d 1210, ¶¶ 25-26 (declining to exercise plain error review where defendant failed to object to Information). Therefore, we decline to exercise plain error review.

¶18 **Did Auld's counsel render ineffective assistance by stipulating that an official proceeding was ongoing or about to be commenced and thus concede an element of the witness tampering charge?**

¶19　The following stipulation was read into the record at trial:

> It is stipulated between the parties that in June and July of 2003, the defendant, William Auld, was not permitted to go into bars or consume alcohol.
>
> Rich Miller, an employee of a governmental agency was responsible for enforcing those rules. Rich Miller began an investigation to see if William Auld had violated those rules after the incident at the 10th Street Tavern. That investigation is considered an official proceeding as defined by Montana State law.

¶20　Auld argues that his trial counsel rendered ineffective assistance by entering into this stipulation, effectively conceding in the last sentence an element of the offense of tampering with a witness, which is defined in § 45-7-206, MCA:

> (1) A person commits the offense of tampering with witnesses and informants if, believing that an official proceeding or investigation is pending or about to be instituted, he purposely or knowingly attempts to induce or otherwise cause a witness or informant to:
> (a) testify or inform falsely . . . .

Auld contends that the last sentence of the stipulation "transformed" the stipulation "from an agreement on the facts to a legal conclusion equivalent to a jury instruction." In addition, Auld argues that "[r]ather than shielding the jury from his prior criminal history, the vague information from the stipulation left the jury to guess about the nature of Auld's prior crimes." The ineffective assistance was exacerbated, Auld posits, because Miller was permitted to testify at trial.

¶21　Auld's argument is unavailing. The record reveals that the stipulation was entered into for strategic reasons, namely so that the jury would not hear that Auld was on parole at the time the offenses took place. "Counsel's trial tactics and strategic decisions cannot

7

be the basis upon which to find ineffective assistance of counsel." *Worthan*, ¶ 21 (quoting *State v. Grixti*, 2005 MT 296, ¶ 25, 329 Mont. 330, ¶ 25, 124 P.3d 177, ¶ 25). Therefore, we affirm the judgment of conviction.

¶22 **Did the District Court err by ordering that Auld's ten-year sentence for tampering with a witness would run consecutively to Auld's previous criminal sentence from Hawaii?**

¶23 Auld asserts that the "plain language of the consecutive sentence statute does not allow a consecutive sentence to be imposed when the previous conviction originates from a court in another state . . . ."

¶24 The statute at issue is § 46-18-401, MCA, which reads as follows:

> (1) Unless the judge otherwise orders:
> (a) whenever a person serving a term of commitment imposed by a court in this state is committed for another offense, the shorter term or shorter remaining term may not be merged in the other term; and
> (b) whenever a person under suspended sentence or on probation for an offense committed in this state is sentenced for another offense, the period still to be served on suspended sentence or probation may not be merged in any new sentence of commitment or probation.
>
> . . . .
>
> (4) Separate sentences for two or more offenses must run consecutively unless the court otherwise orders.

Auld maintains that the key statutory language in support of his argument is the phrase "in this state" found in subsections (1)(a) and (1)(b), contending that the statute "simply permits the imposition of a consecutive sentence in relation to offenses committed in this state, and sentences imposed by Montana courts."

¶25 We disagree that subsection (1) contains the decisive language on this issue. Instead, we read subsection (4) as clearly indicating that the public policy of Montana is to have sentences, wherever imposed, run consecutively unless otherwise ordered by a court. *Cf. Miller*, ¶ 10 (§ 46-18-401(4), MCA, does not provide that defendant should receive credit on suspended commitment in Montana for time spent in an Indiana prison on a separate conviction). Therefore, we affirm the sentence imposed by the District Court.

¶26 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS


Justice James C. Nelson dissents and concurs.

¶27 I dissent from the Court's Opinion as to issues one and three and I concur with the Court's decision as to issue two.

¶28 Consistent with my positions in *State v. Weaver,* 1998 MT 167, ¶¶ 22-40, 290 Mont. 58, ¶¶ 22-40, 964 P.2d 713, ¶¶ 22-40; *State v. Harris,* 1999 MT 115, ¶¶ 35-36, 294 Mont. 397, ¶¶ 35-36, 983 P.2d 881, ¶¶ 35-36 (Nelson, J., concurring); *State v. Allum,* 2005 MT 150, ¶¶ 59-64, 327 Mont. 363, ¶¶ 59-64, 114 P.3d 233, ¶¶ 59-64 (Nelson, J., dissenting); and *State v. Gallagher,* 2005 MT 336, ¶ 35, 330 Mont. 65, ¶ 35, 125 P.3d

9

1141, ¶ 35 (Nelson, J., concurring), I would reach the specific unanimity instruction issue via plain error review. Accordingly, to that extent, I do not agree with the Court's resolution of issue one.

¶29 As to issue three, I also disagree with the Court's analysis. It is perfectly clear that under § 46-18-401(1)(a) and (b), MCA, the only commitments and offenses which are encompassed within the statute are, respectively, those imposed by a court in this State and those committed in this State. If the Legislature had envisioned that out-of-state offenses would be included in the requirements of the statute, it would have said so. The Court reads § 46-18-401(4), MCA, in isolation from subsection (1). In so doing, the Court ignores the admonition of § 1-2-101, MCA, that requires that "[w]here there are several provisions or particulars [of a statute], such a construction is, if possible, to be adopted as will give effect to all."

¶30 For these reasons I dissent as to issues one and three. As noted, I concur as to issue two.

/S/ JAMES C. NELSON