No. 05-044

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 231N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DAVID MICHAEL DUVAL,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC 03-19,
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Patricia Bik, Attorney at Law, Helena, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana

        Robert L. Zimmerman, Sanders County Attorney,
Thompson Falls, Montana

Submitted on Briefs:  May 17, 2006

Decided:  September 13, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Duval (Duval) was charged with and convicted of Theft, a felony common scheme in violation of § 45-6-301, MCA, and sentenced to 10 years with five years suspended. Duval appeals his conviction and sentence on the grounds he received ineffective assistance of counsel. We affirm.

¶3 The issue on appeal is:

¶4 Did Duval's trial counsel render ineffective assistance of counsel, depriving him of a fair trial?

¶5 James Day, Jr., (Day), a close friend of Duval's, inherited roughly $100,000.00 from his aunt. Day invested the money in a Merrill Lynch account and withdrew funds from an investment proceeds checking account using a debit card. In August of 2002, Day disclosed his debit card pin number to Duval, asking Duval to pay Day's financial obligations while Day was in jail. Additionally, Day gave Duval permission to withdraw $100.00 for himself.

¶6 In late October 2002 Duval used Day's debit card to withdraw money to travel to California in an attempt to either reconcile with his ex-girlfriend Michelle or bring his

2

son back to Montana. Duval spent over $10,000.00 from Day's account to take Michelle to the carnival for three days, purchase a pair of tattoos, a car, a car stereo system, clothes, and toys. Duval also bought Michelle a gun and paid for her outstanding warrants in Sanders County, Montana.

¶7 Duval claimed Day gave him permission to use the card to pay for the trip, with the understanding that he would repay Day when Duval received his Worker's Compensation settlement. Day, however, claimed he never gave Duval the card or permission to use it. Rather, Day alleged Duval took the card without permission from Day's truck following his arrest and detention on October 21, 2002, for a parole violation. Day claimed he had no knowledge of Duval's possession of the card until a representative from Merrill Lynch called to inform Day of an overdraft on his account. Subsequently, Merrill Lynch opened a fraud investigation which prevented further withdrawal of funds from the account.

¶8 When Duval arrived back in Montana from California, he returned the card to Day. Day reported the theft of his card to the police, resulting in charges being filed against Duval. Duval claimed that Day only pressed criminal charges against him to stop the fraud investigation and remove the hold on the account.

¶9 On the second day of Duval's two-day trial, defense counsel notified the District Court judge that Duval saw Mrs. Patricia Day, Day's mother, speaking outside the courtroom with three jurors Duval could not identify. The court offered to conduct an inquiry, but Duval's counsel declined.

¶10    When the State called Mrs. Day as a rebuttal witness, defense counsel objected on the grounds that she was not endorsed as a witness and because he was uncertain whether she had been excluded from the courtroom. The State argued exclusion does not apply to rebuttal witnesses and that, in any event, Mrs. Day was never present in the courtroom during the trial. The court permitted Mrs. Day's testimony.

¶11    Counsel for Duval moved for a directed verdict of acquittal on the grounds that Day had committed perjury. The District Court denied his motion. The jury convicted Duval and he was sentenced to ten years with five years suspended.

### Issue

¶12    *Did Duval's trial counsel render ineffective assistance of counsel, depriving him of a fair trial?*

### STANDARD OF REVIEW

¶13    Claims of ineffective assistance of counsel present mixed questions of law and fact that we review de novo. *State v. Grixti*, 2005 MT 296, ¶ 15, 329 Mont. 330, ¶ 15, 124 P.3d 177, ¶ 15.

### DISCUSSION

¶14    Duval argues that counsel provided ineffective assistance by failing to move the court for an inquiry regarding the alleged misconduct of three jurors, failing to renew his objection to the testimony of the State's rebuttal witness, and arguing for a directed verdict of acquittal on incorrect legal grounds.

¶15    The Sixth Amendment of the United States Constitution and Article II, Section 24, of the Montana Constitution guarantee the right to effective assistance of counsel. In

4

considering claims for ineffective assistance of counsel, this Court applies the two-prong test set for in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 647 (1984) which requires the defendant to "show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *State v. Trull*, 2006 MT 119, ¶ 22, 332 Mont. 233, ¶ 22, 136 P.3d 551, ¶ 22 (citation omitted).

¶16     The defendant bears the burden to show first that his counsel's performance fell below an objective standard of reasonableness. *Grixti*, ¶ 25. We indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Grixti*, ¶ 25.

¶17     However, before application of the *Strickland* test, we first determine whether the claim for ineffective assistance of counsel falls into the record-based or non-record based category. *Trull*, ¶ 25. This Court considers only record-based ineffective assistance of counsel claims on direct appeal. *Trull*, ¶ 25. We review whether the record discloses why counsel took, or failed to take, the action in controversy when determining whether an ineffective assistance of counsel claim is appropriate for direct, record-based review. *State v. Novak*, 2005 MT 294, ¶ 18, 329 Mont. 309, ¶ 18, 124 P.3d 182, ¶ 18 (citation omitted). If the record is insufficient to determine whether counsel's performance fell below an objectively reasonable standard, we deem the matter more appropriate for post-conviction relief. *Grixti*, ¶ 27 (citations omitted). Absent a complete record, this Court

5

will not speculate on counsel's alleged errors. *State v. White*, 2001 MT 149, ¶ 13, 306 Mont. 58, ¶ 13, 30 P.3d 340, ¶ 13 (citation omitted).

¶18 We cannot determine from the trial record whether Duval's counsel rendered ineffective assistance when he declined a district court inquiry into the alleged juror-witness contact. The record is insufficient to explain why counsel declined to pursue an inquiry at the time the alleged contact occurred as it does not set forth counsel's reasons for doing so. Thus, we conclude the matter is more appropriate for a claim for post-conviction relief.

¶19 Duval next contends counsel provided ineffective assistance by failing to renew his objection to the testimony of the State's witness, Mrs. Patricia Day. Counsel initially objected to Mrs. Day's testimony because the State did not endorse her on the witness list and counsel was uncertain if she had been excluded from the courtroom during trial. The court allowed her to testify after the State reassured the court Mrs. Day had been excluded.

¶20 Relying upon § 46-15-322(6), MCA, Duval contends that the State failed to notify him that Mrs. Day would testify. Duval essentially argues that his general denial of the charge notified the State of the affirmative defense that he lacked a particular state of mind that is an element of the offense charged, and therefore, the State was required to give him five days notice of rebuttal witnesses.

¶21 We disagree with Duval's interpretation of § 46-15-322(6), MCA. The prosecution's burden of providing statutory notice of rebuttal witnesses does not arise

¶22 Finally, Duval contends counsel provided ineffective assistance by arguing for a directed verdict of acquittal on incorrect legal grounds. Duval asserts counsel should have argued that Day, the prosecution's only witness, was inherently unreliable rather than arguing that Day committed perjury.

¶23 A person commits perjury if "in an official proceeding he knowingly makes a false statement under oath or equivalent affirmation or swears or affirms the truth of a statement previously made, when a statement is material." Section 45-7-201(1), MCA.

¶24 Both the State and Duval agree that the evidence is insufficient to sustain a charge of perjury against Day. Thus, Duval argues, had counsel argued for a directed verdict on the alternative grounds that Day's testimony was unreliable and unworthy of credit, a reasonable probability exists that the court would have granted a directed verdict of acquittal or granted Duval a new trial.

¶25 The jury in Duval's case was presented with conflicting evidence and inconsistent testimony, but nonetheless concluded the evidence was sufficient to find Duval guilty of theft. It is within the province of the jury to weigh evidence based on the credibility of

7

the witnesses and determine which version of events should prevail. *Trull*, ¶ 20 (citing *State v. Weigand*, 2005 MT 201, ¶ 7, 328 Mont. 198, ¶ 7, 119 P.3d 74, ¶ 7).

¶26 Whether counsel argued perjury or unreliable testimony, it was not error for the District Court to deny the motion in favor of submission of the case to the jury. And, it was ultimately the jury's prerogative to believe certain witnesses over others. That is exactly what the jury did in Duval's case. We therefore conclude counsel was not ineffective for moving for a directed verdict on the grounds of perjury rather than arguing that Day's testimony was unworthy of credit.

¶27 We affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE