05-681

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 243

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

KIM LUCAS PARKER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC-2005-112
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jennifer Streano, Public Defender's Office, Helena, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Jim Wheelis, Assistant Attorney General, Helena, Montana

        Leo Gallagher, County Attorney; Tara Harris, Deputy County Attorney, Helena, Montana

Submitted on Briefs:  January 10, 2007

Decided:  September 25, 2007

Filed:

_____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Kim Lucas Parker (Parker) appeals from an order of the First Judicial District Court, Lewis and Clark County, affirming his conviction in Helena Justice Court of the offense of Partner or Family Member Assault.[1]  We affirm.

¶2     We restate and address the following issue on appeal: Did Parker receive ineffective assistance of counsel because his lawyer did not object to testimony of the complaining witness concerning his prior partner assault conviction?

BACKGROUND

¶3     Parker was charged with Partner or Family Member Assault, § 45-5-209, MCA.  The alleged victim was his ex-wife, Cody Lodge (Lodge).  On March 22, 2005, a jury found him guilty of the charged offense.

¶4     Prior to trial, Parker filed a motion in limine to exclude evidence of prior crimes or wrongs.  The State did not object and the District Court granted the motion.

¶5     At the trial, the following dialogue occurred during the direct examination of the complaining witness Lodge:[2]

> Q:     So, what did you do when he reached down to help you?
> A:     I'm trying to remember the whole scenario because it happened so quick.  Well, I was like I said, I was on the floor and when he reached down to help me I just kind of turned.  I slid backwards.  I was crawling backwards because I didn't know what was going to happen.  I mean he's never been physical with me before.  I just didn't know

---

1 The Helena Justice Court has been established as a justice court of record.  Therefore, the appeal to the District Court was confined to review of the record and questions of law.  Section 3-10-115(1), MCA.

2 The record presented to this Court does not contain a written transcript of the jury trial.  However, the District Court's Decision and Order of August 30, 2005, recites verbatim the testimony repeated herein.  Neither party contests that this exact testimony was heard by the jury at the Justice Court trial.

what was going to take place, so I just, he came on me he was on top of me at that point. . . .

¶6    The State then requested a recess to discuss a matter of law outside the presence of the jury. A discussion was held in chambers, outside of the presence and hearing of the jury. No record of the discussion was made. However, neither party disputes that the State moved for an order allowing it to impeach Lodge by asking her questions relating to a prior conviction of Parker for assaulting Lodge. Parker's counsel did not object to the State's motion. The motion was granted.

¶7    After the recess, the State asked the following questions and Lodge gave the following answers:

Q:    Ms. Lodge, I just wanted to get back to something you said on direct. You had made the comment that the defendant had never been physical with you before?
A:    Mmhm.
Q:    Is that what you said, yes?
A:    Well yeah, I mean anything else is I mean were [sic] just I don't know how to explain it really.
Q:    So, he's never been physical with you before is what you had said, is that right?
A:    Yes, Ma'am.
Q:    Do you remember back in [sic] August 4th of 2002 the police being called out for another domestic violence situation where you were the victim?
A:    In 2002?
Q:    2002, you had been living at 2020 Livingston?
A:    I don't even remember the incident.
Q:    Officers that responded were Jerry McGee, Jennifer Johnson, and Buck Herron. It was within the city of Helena.
A:    I'm just trying to remember.
Q:    Okay.
A:    In 2002, okay now that I see the name on there yes I do.
Q:    You remember that?
A:    Yeah.

3

Q: And, do you also know that the defendant was later convicted on October 11, 2002 for the assault?
A: Yes.
Q: And you were the victim in this assault, right?
A: I, yeah.

¶8 The jury found Parker guilty of partner or family member assault and the Justice Court sentenced him. Parker then appealed his conviction to the District Court, arguing that evidence of his prior conviction was erroneously admitted. The District Court affirmed the Justice Court, holding that Parker's reliance on his motion in limine did not preserve the issue for appeal and that the testimony relating to Parker's prior conviction was properly admitted to impeach Lodge. Parker appealed to this Court.

¶9 We review evidentiary rulings to determine whether there has been an abuse of discretion. A justice court and a district court have broad discretion to determine whether evidence is relevant and admissible. Absent a showing of abuse of discretion, we will not overturn a trial court's evidentiary determination. An abuse of discretion occurs when the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *State v. McCaslin*, 2004 MT 212, ¶ 15, 322 Mont. 350, ¶ 15, 96 P.3d 722, ¶ 15 (citations omitted).

¶10 A claim of ineffective assistance of counsel presents mixed questions of law and fact that we review de novo. *State v. Grixti*, 2005 MT 296, ¶ 15, 329 Mont. 330, ¶ 15, 124 P.3d 177, ¶ 15 (citation omitted).

¶11 Article II, Section 24, of the Montana Constitution and the Sixth Amendment of the United States Constitution guarantee a person the right to the effective assistance of counsel. This Court adopted the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.

4

Ct. 2052 (1984), to evaluate claims of ineffective assistance of counsel. To establish that his or her counsel was ineffective, a defendant must demonstrate (1) that counsel's performance fell below the range of competence required of attorneys in criminal cases and (2) that counsel's deficient performance prejudiced the defense. The defendant bears the burden to show that his or her counsel's performance fell below an objective standard of reasonableness. *State v. St. Germain*, 2007 MT 28, ¶ 33, 336 Mont. 17, ¶ 33, 153 P.3d 591, ¶ 33 (citations omitted).

¶12 Parker contends Lodge's testimony concerning his prior conviction was character evidence prohibited by M. R. Evid. 404(b). Parker argues that his defense counsel was ineffective because he made no objection on the record to that portion of Lodge's testimony.

¶13 The State responds that the District Court properly admitted the evidence for purposes of impeachment under M. R. Evid. 607. The State argues that because the evidence was admissible, failure to make an objection cannot amount to ineffective assistance of counsel.

¶14 Whether the District Court properly admits evidence requires inquiry into both the purpose of the testimony and the potential effect on the jury. When considering the admissibility of evidence used to challenge the presumption of a witness's truthfulness through impeachment, consideration must be given to § 26-1-302, MCA, and M. R. Evid. 607, 401 and 403.

¶15 Section 26-1-302, MCA, provides as follows:

> A witness is presumed to speak the truth. The jury or the court in absence of the jury is the exclusive judge of his credibility. This presumption may be controverted and overcome by any matter that has a tendency to disprove the

5

truthfulness of a witness's testimony; such matters include but are not limited
to:

. . . .

(7) inconsistent statements of the witness;
(8) an admission of untruthfulness by the witness;
(9) other evidence contradicting the witness's testimony.

¶16 The credibility of a witness may be attacked by any party. M. R. Evid. 607. If a party objects to relevant impeachment evidence on the ground that it is unduly prejudicial, the trial court must consider whether it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. M. R. Evid. 403.

¶17 The District Court, in affirming the Justice Court, concluded:

A review of the trial testimony discloses that Lodge's credibility was a crucial factor in the prosecution of Defendant. Her descriptions at trial of the incident were in direct conflict with her initial reports to law enforcement. What began as a serious and painful physical assault by Defendant ended at trial as an accidental fall. The State had every right to impeach her testimony at trial by calling her on her statement that Defendant had never been physical with her before. The relevance of this testimony, in the Court's opinion, outweighs any prejudice to Defendant. [M. R. Evid. 403].

¶18 We agree with the District Court. Lodge's comment was gratuitous and did not appropriately respond to the question the prosecutor asked. The evidence of Parker's prior assault conviction was not aimed at his character, but at the credibility of Lodge's statement that Parker had never been physical with her before. In light of the probative value and purpose for which the evidence was admitted, we conclude that the Justice of the Peace did not abuse his discretion in allowing it.

¶19 An instruction to the jury that it was to consider the evidence of Parker's prior conviction of partner or family member assault only as it might bear on Lodge's credibility

6

could have been appropriate. Parker has not argued that his counsel should have requested such an instruction.

¶20 A failure to object to properly admitted evidence does not constitute ineffective assistance of counsel. *Clausell v. State*, 2005 MT 33, ¶ 21, 326 Mont. 63, ¶ 21, 106 P.3d 1175, ¶ 21. In this case, Parker's counsel's lack of an objection to the evidence of his prior conviction did not render him ineffective.

¶21 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶22 I dissent. I would conclude that counsel for the Defendant arguably rendered ineffective assistance of counsel in registering no objection to the introduction of Parker's prior conviction, and in further failing to request any of the procedural and substantive protections attendant to *Just* Notice that this Court has said must be implemented when evidence of bad acts is to be placed before the jury.

¶23 According to M. R. Evid. 404(b), evidence of other crimes is not admissible to prove the character of a person to demonstrate that he acted in conformity therewith; such evidence may however be admitted for other purposes "such as proof of motive, opportunity, intent,

7

preparation, plan, knowledge, identity, or absence of mistake or accident." (Notably, impeachment of the complaining witness is not among these exceptions.) We have been called upon to address the requisites of this Rule many times. Recently, in *State v. Ferguson*, 2005 MT 343, 330 Mont. 103, 126 P.3d 463, we reiterated the procedural protections that must be followed before and after evidence of prior bad acts is introduced, as previously announced in *State v. Ayers*, 2003 MT 114, ¶ 77, 315 Mont. 395, ¶ 77, 68 P.3d 768, ¶ 77. Among other things, at the time of the introduction of the evidence, the trial court must explain to the jury the limited purpose for the admission of the evidence. Then, the court shall, in its final charge, again instruct the jurors as to the limited purpose for the evidence, and warn that the defendant is not being tried for the prior crime and may not be unjustly convicted by them for the other offense. *Ferguson*, ¶ 48. These important safeguards were not implemented here, nor did defense counsel ask for them.

¶24 The Court concludes that the relevance of the prior crime testimony outweighs any prejudice to the Defendant. Under other circumstances, I might disagree yet conclude that the decision was nonetheless within the permissible bounds of the trial court's discretion. Here, however, the evidence came in without any of the cautionary instructions which we said in *Ferguson* must be implemented when such evidence is admitted. As a result, the prejudice to Parker was manifest. At best, counsel should have objected to the admission of the evidence in violation of the Order *in Limine.* At a minimum, once it became evident the evidence would be admitted, counsel should have insisted on such instructions for the protection of his client. The failure to do either was, in my judgment, arguably below the objective standard of reasonableness and prejudicial to the Defendant. *Strickland,* 466 U.S.

8

at 686, 104 S. Ct. at 2063-64.  I would therefore either reverse outright on this basis or dismiss for consideration in postconviction proceedings.  I therefore dissent.

/S/ PATRICIA COTTER