

DA 13-0065

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 177N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

ANTHONY ALEX ROLL,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2011-48
Honorable Susan P. Watters, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski, Assistant
          Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
          Attorney General; Helena, Montana

          Scott Twito, Yellowstone County Attorney; David Carter, Deputy County
          Attorney; Billings, Montana


                     Submitted on Briefs:  June 11, 2014
                              Decided:  July 8, 2014


Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Anthony Roll (Roll) appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, sentencing him to two five-year terms of commitment with the Department of Corrections (DOC), plus fines and restitution, for two counts of Deceptive Practices. The District Court ordered the two terms to run concurrently with each other, but consecutively to an unrelated federal sentence Roll had already received. Roll appeals from the order making the state sentences run consecutively with his federal sentence.

¶3 In January 2011, Roll was charged by information with two felony counts of Deceptive Practices exceeding $1,500 in violation of § 45-6-317(1)(d)(i), MCA. The State gave notice of its intent to have Roll designated a persistent felony offender (PFO). On August 26, 2011, an Acknowledgement of Waiver of Rights and Plea Agreement was filed with the District Court. Under the agreement, Roll agreed to plead guilty to both counts as a PFO, and the State agreed to recommend a sentence of five years to the DOC with a $3,000 fine, plus restitution, on each count. The State also agreed to recommend that the two sentences run concurrently to each other.

2

¶4     On October 3, 2011, Roll withdrew his pleas of not guilty and entered guilty pleas on both counts. Roll twice requested a continuance of the sentencing on the basis of a pending federal case. He noted that "[i]t is in the interests of justice that Defendant's federal sentencing be completed prior to the State matter due to its impact on the Federal Sentencing Guidelines." The State did not object, and the court continued the sentencing hearing as requested.

¶5     Sentencing was ultimately held on November 1, 2012. The State recommended the sentence provided in the plea agreement, but added a recommendation that the sentence be consecutive to the fourteen and one-half year federal sentence Roll had recently received. The State based the request on the fact that it would be "very, very difficult for the Department of Corrections to collect any restitution for these victims." Roll acknowledged that he had recently received a "rather lengthy federal sentence," and argued that "the claim of restitution by the State is going to fall on pretty hollow grounds." Roll requested a sentence concurrent with the federal time, and noted that the restitution obligation could be "enforced through whatever means the State may have in regard to his Bureau of Prisons inmate responsibility programs."

¶6     The court noted that Roll had a significant criminal history since he was a juvenile, with "criminal convictions for [nearly] every year since 2000," and despite all the programs provided through his previous sentences he had never "changed [his] behavior." The court also explained to Roll that the charges to which he had pled guilty involved

real live victims, and they deserve to be made whole, and you deserve to be punished for that conduct also; and if the Department of Corrections' ability to collect restitution is hindered in some way, I think the Court needs to impose a sentence that makes the collection of restitution from you easier so that these victims can be made whole.

The court ultimately followed the State's sentencing recommendation, and concluded that

between the Federal Board of Prisons, and then the Department of Corrections, I certainly hope that there will be programs offered to you and you will take advantage of them so that you are no longer involved in the criminal justice system which you've basically been involved in all your life since a very young age.

¶7      Roll appeals the court's judgment, arguing that the court's consideration of his ability to pay restitution while serving his federal sentence resulted in a sentence improperly "based upon his status as an indigent person."

¶8      We review a sentence of more than one year for legality only. *State v. Gunderson*, 2010 MT 166, ¶ 38, 357 Mont. 142, 237 P.3d 74.  This Court reviews de novo whether the district court violated the defendant's constitutional right to due process at sentencing. *State v. Jackson*, 2007 MT 186, ¶ 5, 338 Mont. 344, 165 P.3d 321.

¶9      As a preliminary matter, the parties argue over whether Roll sufficiently preserved the issue raised herein for appeal.  The transcript reveals that Roll never raised a due process argument or made any argument that his ability to pay restitution should not be considered.  After the State recommended a sentence consecutive to his federal sentence, Roll simply requested a concurrent sentence and stated that the State would be able to enforce the restitution obligation "through whatever means [it] may have in regard to his Bureau of Prisons inmate responsibilities programs," so "the restitution matter can be

4

taken care of in that regard." Thus, Roll did not raise the issue presently before this Court in the District Court, and has failed to properly preserve the issue for appeal. However, we undertake review of the issue pursuant to the *Lenihan* exception. *See State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).

¶10 We have held that "[d]ue process requires only that indigency or poverty not be used as the touchstone for imposing the maximum allowable punishment." *State v. Farrell*, 207 Mont. 483, 499, 676 P.2d 168, 177 (1984). This is true because under a due process analysis, "it [is] arbitrary and unfair to subject a defendant to the maximum sentence simply because he may not be able to pay restitution in less than that amount of time." *State v. Pritchett*, 2000 MT 261, ¶ 29, 302 Mont. 1, 11 P.3d 539.

¶11 Roll argues that the District Court's consideration of his ability to pay restitution in ordering his state sentence to run consecutively to his federal sentence was a violation of his right to due process. He claims to be in the same position as the defendants in *Farrell*, *Pritchett*, and *State v. Haldane*, 2013 MT 32, 368 Mont. 396, 300 P.3d 657. In each of those cases the defendants were sentenced to the maximum allowable term in order to give them the longest time possible to make payments on restitution. *Farrell*, 207 Mont. at 494, 676 P.2d at 174; *Pritchett*, ¶¶ 3, 26; *Haldane*, ¶¶ 12, 43. In each case, we reversed and remanded for resentencing, concluding that sentencing a defendant to the maximum term based solely on his inability to pay restitution was a violation of due process. *Farrell*, 207 Mont. at 498-99, 676 P.2d at 176-77; *Pritchett*, ¶ 37; *Haldane*, ¶ 43.

5

¶12 The State counters that this case is more in line with *State v. Benoit*, 2002 MT 166, 310 Mont. 449, 51 P.3d 495. In *Benoit*, ¶ 8, the defendant entered a plea of guilty pursuant to a non-binding plea agreement whereby the State agreed to recommend a two-year deferred imposition of sentence with various conditions, including the payment of restitution. The district court determined the restitution owed to be $15,933.90, and sentenced the defendant to a six-year deferred imposition of sentence in part based upon the length of time it would take to pay this amount. The court also granted the defendant the opportunity to withdraw her guilty plea after two years from the date of entry of judgment if she satisfied all conditions within that time. *Benoit*, ¶ 17. Benoit argued that by increasing the deferment period from two years to six years, the maximum allowable period for a deferred imposition of sentence, to insure payment of restitution, the court had violated her right to due process. *Benoit*, ¶ 33. We disagreed that the sentence was the "maximum allowable punishment" because the crime to which she had pled guilty carried a maximum sentence of ten years, and declined to apply our holdings from *Farrell* and *Pritchett* due to that fact. *Benoit*, ¶¶ 34, 37.

¶13 We agree with the State that our holdings in *Farrell*, *Pritchett*, and *Haldane* do not control here. As a PFO, Roll faced a penalty for each offense of "not less than 5 years or more than 100 years." Section 46-18-502(1), MCA. Roll agreed to plead guilty to both counts in exchange for a recommendation by the State of two five-year terms to DOC, to be concurrent with each other. The District Court followed this recommendation, sentencing Roll to the statutory minimum term for his offenses and the sentence he had

6

agreed to in the plea agreement. Though the relation of the state sentence with the federal sentence was not a subject of the plea agreement, we note that Montana law presumes that multiple sentences will run consecutively. *State v. Auld*, 2006 MT 189, ¶ 25, 333 Mont. 125, 142 P.3d 753 ("the public policy of Montana is to have sentences, wherever imposed, run consecutively unless otherwise ordered by a court") (citing § 46-18-401, MCA; overruled in part on other grounds in *Whitlow v. State*, 2008 MT 140, ¶ 18 n.4, 343 Mont. 90, 183 P.3d 861). Additionally, Roll requested a continuance of the sentencing hearing in order to allow him the opportunity to be sentenced in his federal case to a lesser sentence, without the inclusion of two additional felony convictions in the federal sentencing guideline calculations. The District Court granted this request. Accordingly, Roll cannot be said to have been sentenced to anywhere near the maximum term as were the defendants in *Farrell*, *Pritchett*, and *Haldane*.

¶14 More importantly, we disagree with Roll's depiction that the District Court's only consideration in determining whether or not to make the state sentence consecutive to his federal sentence was his ability to pay restitution. Though the court explained that it found the payment of restitution to be an important factor, it also explained that it considered his criminal history, age, and other factors, and hoped to allow Roll access to various programs in order to provide him the opportunity to end his involvement with the criminal justice system. Had the sentence been made concurrent to the federal sentence, the DOC commitment would have expired long before he would have been able to take advantage of such programs.

7

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law. Roll has not met his burden to demonstrate reversible error. Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA